ALABAMA & VICKSBURG RY. Co. *v.* MRS. PEARL McCoy *et al.*

[63 South. 221.]

RAILROADS. *Crossings. Accident. Evidence. Code* 1906, *section* 1895.
    In a suit against a railroad company caused by its running trains, where the evidence showed that deceased while reading his mail walked out upon the railroad track at a private crossing just in front of a rapidly moving train without either stopping or looking or listening, and that it was not within the power of the servants of the railroad in charge of the train to have prevented the killing after he got upon the track; the *prima facie* case provided in section 1985, Code 1906, was met and a peremptory instruction for the defendant should have been given.
    105 Miss. 47

APPEAL from the circuit court of Scott county.

HON. C. L. DOBBS, Judge.

Suit by Mrs. Pearl McCoy and others against the Alabama and Vicksburg Railway Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. H.* and *J. H. Thompson,* attorneys for appellant.

*Cooper & Cooper* and *W. C. Eastland* and *Flowers, Alexander & Brown,* attorneys for appellees.

REED, J., delivered the opinion of the court.

D. S. Odom was run over and killed by a westbound passenger train of appellant, on February 12, 1912, at Merrill's Mill, or Muskogen. His three children, appellees here, all adults of mature age, brought suit and obtained judgment for three thousand dollars. Merrill's Mill is about three-quarters of a mile west of Lake, on appellant's railroad, and it is not a stop for passenger trains. The Mill Company's office is on the south side of the railroad, and the store on the north side. There is a walkway between the two buildings, which crosses the railroad track.

Mr. Odom was sixty-seven years old and addicted to the excessive use of morphine and laudanum. He was employed as a private mail carrier for the mill. At the time of the accident he was going from the office to the store along this way for pedestrians. When he drew near to the track, he had mail in his hands, looking through or assorting it. He appeared entirely unconscious of his surroundings and of any danger from crossing a railroad. He did not look up or around, but walked slowly on the track just in front of a fast-approaching train. The engine was within one hundred feet of the crossing when the unfortunate man stepped on the track. It was impossible for the engineer to have brought the train to a stand in that distance. The fireman, according to his

testimony, was on the running board of the engine at the time, and saw Mr. Odom step on the track. The fireman endeavored to notify the engineer, but was unable to do so before the train struck the deceased, because it was so near him.

Several witnesses for appellees stated that they did not hear the sounding of the whistle or the ringing of the whistle or the ringing of the bell as the train approached. It was shown, however, that this was only a private crossing for pedestrians to go over, and was not a highway, nor a street. In fact, the county roadoverseer residing at Merrill's Mill testified that there was no public road or highway crossing the railroad between the mill and the town of Lake.

The testimony presents a sad accident, whereby an old man lost his life. It seems to us that it was unavoidable on the part of the appellant. It is not shown that there was any defect in the train or in any of its parts. Mr. Odom did not stop, look, or listen when he reached the crossing, but walked right out on the track just in front of a rapidly moving train. It was not within the power of the servants of the appellant in charge of the train to have prevented the accident after he got on the track. The entire occurrence has been shown. We do not see that negligence has been proved against appellant. The *prima facie* case provided in section 1895, Code of 1906, has been met. The peremptory instruction asked for by appellant should have been given.

*Reversed, and judgment here for appellant.*