ILLINOIS CENT. R. CO. *v.* MANN *et al.**

[106 So. 7. No. 24993.]

(Division A. Sept. 28, 1925. Suggestion of Error Overruled Nov. 23, 1925.)

1. RAILROADS. *Omission of crossing signal negligence.*

At common law a railroad is bound to exercise reasonable care in the operation of its trains and to avoid injury to persons and animals at all crossings, private as well as public; and if by reason of peculiar or extraordinary circumstances surrounding a crossing and known to the trainmen, ordinary prudence would re-

quire an alarm or signal to be given by an approaching train, then its omission is negligence.

2. RAILROADS. *Speed of train considered in determining place for giving crossing signal.*

Where the circumstances surrounding a place at which a road crosses a railroad track are such as at common law require the signaling of the approach of a train to the crossing, the speed of the train may be taken into consideration in determining the distance from the road at which the signal of the approach of the train should be given.

3. RAILROADS. *Instruction permitting finding person stopped, looked and listened should not be given on clear showing that he neither looked nor listened.*

In an action against a railroad company for the recovery of damages for an injury inflicted on a person by one of its trains at a crossing, an instruction permitting the jury to find that such person stopped, looked, and listened before going on the track, should not be given when it is clear from the evidence that he did not either look or listen before going on the track.

*Headnotes 1. Railroads, 33 Cyc., pp. 924, 964; 2. Railroads, 33 Cyc., p. 959 (Anno); 3. Railroads, 33 Cyc., p. 1141.

APPEAL from circuit court of Tishomingo county.
HON. C. P. LONG, Judge.

Action by Mattie Mann and others against the Illinois Central Railroad Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

*R. V. Fletcher,* and *May, Sanders & McLaurin,* for appellant.

I. *The court erred in refusing the peremptory instruction requested by the defendant.* It is contended that the defendant's employees failed to ring the bell or blow the whistle as a signal of their approach to the public crossing. The case seems to have been tried out and permitted to go to the jury upon the mistaken theory that the crossing was a public crossing devolving upon the engineer in charge of the train the duty to ring the bell

and blow the whistle, as required by the statute regulating that subject. The crossing in question was not a public crossing within the purview of section 4045 of the Code, which requires the ringing of a bell or the blowing of a whistle upon the approach to a public crossing. The proof shows beyond dispute that the crossing in question was a private crossing, established for the benefit of Bill Burgess who owned a farm which was bisected by the raidroad at this point when the road was built. It is true the witnesses testified that this crossing was permissively and promiscuously used by people in the neighborhood for their own convenience in preference to the public highway crossing which was situated several hundred yards away. But, there was no proof made, nor offered, that this crossing had ever been dedicated to the public, nor that it had ever been maintained by the public, nor that the public used it under any claim of right to do so, nor was it shown for what length of time the crossing had been used by persons other than Bill Burgess. Under these facts this was not a public crossing, as declared by this court in the case of *Gulf & Ship Island Railroad Company* v. *Adkinson,* 117 Miss. 118.

This, then, was not a public crossing, and the engineer was under no duty to ring the bell or blow the whistle, as required by the statute in the case of public crossings. He owed the deceased no duty except not to wilfully, wantonly, or negligently injure him after discovering his position of peril on the track. The testimony is undisputed that as soon as the deceased drove out of the cut right onto the track the engineer did everything humanly possible to slow down the train and prevent striking the deseased, but he was too close to avert the accident. If the deceased had stopped, looked and listened, or done either one of these things, he would have discovered the approaching train and could, and no doubt would, have prevented the accident, but instead he drove out of the cut onto the track in front of the oncoming

train and in so doing was guilty of the grossest kind of negligence, which was the proximate cause of the injury.

We, therefore, confidently submit that there was no negligence of the defendant shown which proximately contributed to the injury, but on the contrary it is shown that the proximate cause of the injury and death of Reuben Mann was his own sole negligence, hence the defendant was entitled to the peremptory instruction.

II. *The prima-facie instruction given for plaintiff misstates the law in a material particular and constitutes reversible error.* There have been many changes rung upon the *prima-facie* statute, section 1985 of the Code of 1906, and many of the instructions predicated upon that statute have been condemned, but so often has the statute been construed that it would seem fair to assume that there is no longer an excuse for writing instructions predicated on the statute that would not harmonize with the decisions of this court, but to indulge such an assumption is to err. The statute declares that the proof of injury by the running of the locomotive or cars of the railroad company "shall be *prima-facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury." The statute, as drawn, places a heavy burden upon railroad companies and one from which they are frequently unable to escape because of inability to show the circumstances accompanying an injury, but the plaintiff's counsel in this case was not satisfied with casting upon the defendant the full burden of the statute, which raises the presumption of negligence on the part of the employees of the defendant, but went one step further and declared in the instruction that such injury raises the presumption "that Reuben Mann exercised reasonable care to ascertain whether or not a train was coming before he entered upon the track." The plaintiff's attorney evidently had the idea that to indulge the presumption that the defendant was guilty of negligence was tantamount to saying that the plaintiff's intestate was free

of negligence and it necessarily follows that if that interpretation is correct the liability of a railroad company upon proof of injury by the running of a train would be absolute.

A similar instruction given for the railroad company in *Grantham* v. *G. & S. I. R. R. Co.*, 138 Miss. 360, 103 So. 151, was condemned by this court, and the giving of the instruction was declared to be reversible error.

III. *The instructions for plaintiff and defendant were conflicting and misleading, and furnished the jury no safe guide in arriving at their verdict.* It will be borne in mind that the declaration charged that the accident occurred at a public crossing. The testimony failed to show that the crossing was a public crossing, but on the contrary, established that it was a private crossing, according to the principle laid down by this court, in *Railroad Company* v. *Adkinson, supra.*

According to our contention, the testimony for the defendant established the fact that the deceased failed to stop, look and listen, and was guilty of gross negligence, but the testimony was not sufficient to prevail when loaded down with the erroneous instruction given for the plaintiff.

*J. S. Finch, J. E. Berry* and *J. A. Cunningham,* for appellees.

There is no evidence in the record to support appellant's position that the plaintiff's decedent *did not exercise the ordinary care required of him by law before attempting to cross its railroad track.* The record clearly shows that this crossing is more than a mere farm crossing, as contended by appellant. This is a much traveled road, and has been so used by the public for a period of thirty or forty years, reaching back long prior to the construction of the railroad.

It was shown by the evidence that it was the custom of the railroad company to ring its bell or blow its whistle on approaching this crossing for the safety of the public reasonably expected to be endangered at this crossing. It was shown by a member of the train crew, offered by counsel for appellant that it would be very dangerous to approach this crossing at the speed at which they were traveling without giving due and proper warnings to the public of their approach, and that they did undertake to give such warnings at this instance, which, however, is contradicted by this record and is a controverted fact which the jury passed on.

The case was submitted to the jury to determine whether or not the appellant was guilty of negligence in the manner in which they approached this crossing.

Under the proof the trial court submitted the question of appellant's negligence to the jury, under the law announced in *Illinois Central Railroad Company* v. *Dillon,* 111 Miss. 520, 71 So. 809; Ruling Case Law. Railroads, sec. 233; Thompson's Commentaries on the Law of Negligence, secs. 1562, 1564.

These authorities show that the defendant did not only owe the duty to the public of exercising care to sound the proper signals, but in the absence of such timely signals the speed of the train would also be a matter involving the exercise of reasonable care. We cite especially White's Supplement to Thompson's Commentaries on the Law of Negligence, sec. 1564.

We do not contend that the appellant here was guilty of negligence *per se.* The Atkinson case, upon which counsel for appellant relies, was tried on the theory that the company was negligent *per se* for violating existing statutes. No such a trial was had in this case, and the Atkinson case cannot have application to the issues involved.

The defendant did not think enough of decedent's contributory negligence to either plead the same, or offer

proof thereupon. We cite *Mississippi Central R. R. Co.* v. *Hardy,* 41 So. 505; *Simms* v. *Forbes,* 38 So. 546. It is true that appellant obtained the instructions from the court in the trial below to the effect that appellees would be barred of the right to recover if the jury believed he did not stop, look and listen, but this instruction was not asked on the proof, the instruction does not give the proof the dignity of mention, and is a very much more serious error than the one complained of by appellant.

Counsel for appellant comment at length on appellee's declaration, but they overlook the fact that there is the allegation of general negligence first in the declaration, and that specific acts of negligence under the statute are mentioned later.

But the question was tried under the law of the Dillon case, as heretofore said, and even if there had been a variance between the allegation of the declaration and the proof there are no objections in the record based upon such slight variances, which sets up an estoppel against appellant to complain, and hence there is nothing in counsel's contention on the question of variance which was not cured by the verdict of the jury. *Ill. Central R. R. Co.* v. *Pearce,* 18 So. 415; *Yazoo & Miss. Valley R. R. Co.* v. *Shraag,* 36 So. 193.

We are unable to differentiate this case from the Dillon case, and the question of the appellant's negligence was properly submitted to the jury who found against appellant and awarded the appellees a very modest damage, and the judgment in this case should not be disturbed as it is perfectly apparent from the record that no injustice has been done anyone.

Argued orally by *J. O. S. Sanders* for appellant, and *J. A. Cunningham,* for appellees.

Smith, C. J., delivered the opinion of the court.

The judgment of the court below was reversed on a former day of the present term and the cause remanded, and the appellees have suggested that we erred in so doing.

Th suit is by the appellees against the appellant for the death of Reuben Mann, who was struck and killed by one of the appellant's trains while he was crossing one of its railroad tracks. The ground of the reversal as outlined in the opinion then rendered was that the cause of action sued on is the alleged neglect of the appellant's employees to obey their statutory duty to sound a bell or whistle when one of its trains was approaching a highway which crosses the railroad track, which cause of action was not sustained by the evidence; it appearing therefrom that the crossing at which Reuben Mann was killed was not a public crossing within the meaning of our statutes dealing therewith. The appellees now suggest that the cause of action sued on is the violation by the appellant's employees of the duty which the common law imposed on them because of the dangerous character of the crossing to signal the approach of the train thereto, and the allegations of which they say is supported by the evidence.

The declaration is inartifically drawn and defectively states a cause of action arising either under the statute or at common law. The declaration was not demurred to, and no motion to make it more specific was made.

For the sake of the argument, we will assume that under section 808, Code of 1906, Hemingway's Code, section 596, the declaration is sufficient to support a verdict for common-law negligence.

At common law "a railroad is bound to exercise reasonable care in the operation of its trains and to avoid injury to persons and animals at all crossings, private as well as public; and if by reason of peculiar or extraordinary circumstances surrounding a crossing and known to the trainmen ordinary prudence would require an

alarm or signal to be given by an approaching train, then its omission is negligence. The question is one for the jury to determine on common-law principles." 27 R. C. L. 1004. Of course, if it is manifest from the evidence that the only inference that can be drawn therefrom is one of negligence on the part of the railroad or its employees, the court may so declare as matter of law. *Railway Co.* v. *McCoy*, 105 Miss. 737, 63 So. 221.

The crossing here in question was in the village of Tishomingo and, though neither a highway nor a street, was frequently used by pedestrians and vehicles, which fact was known to appellant's employees in charge of its trains. The crossing is at a point where the railroad track runs through a deep cut, the exact depth of which does not appear, and the crossing itself on each side of the street is therefore necessarily also in a cut, and one approaching the track over the crossing cannot see a train thereon until he is within a very few feet of the track, and the employees in charge of the approaching train cannot see him until he is practically on the track. When Reuben Mann was struck by the appellant's train, he was driving a wagon over this crossing, and it is clear from the evidence that he went upon the track without stopping and without either looking or listening for the approach of the train. The approach of the train was not signaled by either bell or whistle, and when the engineer thereof discovered that Mann was on the track it was too late for him to prevent the train from striking Mann. The engineer of the train testified that "the bell was turned on just before they told me there was a wagon approaching the crossing," but that was too late for it to serve the purpose of warning Mann or others of the approach of the train. Under these circumstances, assuming that the declaration states a cause of action at common law, though defectively, it was for the jury to say whether or not the appellant's employees should have signaled the approach of the train to the crossing.

One of the instructions granted the appellees by the court below is as follows:

"The court charges the jury for the plaintiff that if you believe from a preponderance of the evidence that the employees of the railroad company negligently ran its train at and upon the crossing at an unreasonable rate of speed, or that the said employees negligently failed to give reasonable signals by the timely ringing of a bell or the blowing of a whistle, and that such negligence, if any, proximately contributed in whole or in part to Reuben Mann's injury and death, then you should find for the plaintiff whether this crossing was public or private."

The speed at which this train approached this crossing is material only in considering the distance therefrom at which the signals, if such were required, should have been given, and whether or not there was any duty on the appellant's employees to signal the approach of the train was for the determination of the jury. This instruction assumes that their duty was so to do and submits to the jury the question only of their negligence in discharging that duty. The question which should have been submitted to the jury was whether or not, under the circumstances, it became the duty of the appellant's employees to signal the approach of the train.

Another instruction granted the appellees charged the jury that they must assume that, "in the absence of evidence to the contrary, Reuben Mann exercised reasonable care to ascertain whether or not a train was coming before he entered upon the track."

Assuming for the sake of the argument, but only therefor, that there is such a presumption of law as is here sought to be invoked, the instruction should not have been given, for it is manifest from the evidence that if Reuben Mann had looked he must have seen, or if he had listened he must have heard, the approach of the train, and that consequently he did neither.

It follows from the foregoing views that we committed no error in reversing the judgment of the court below and remanding the cause, but since the defect in the declaration referred to herein as well as in our former opinion may be cured by amendment, the former opinion will be withdrawn and the reversal will be rested on the views herein expressed.

The suggestion of error will be overruled.

*Overruled.*