CARLISLE *v.* COBB BROS. CONSTRUCTION Co., INC., et al.

No. 41472 April 25, 1960 119 So. 2d 918

*Miller & Adams*, Meridian, for appellant.

*Snow, Covington & Shows*, Meridian, for appellees.

ETHRIDGE, J.

This suit arose from a collision between an automobile driven by appellant Carlisle and a truck driven by appellee Brown, working for appellee Cobb Brothers Construction Company. It occurred at the intersection of the Whynot-Causeyville road, which runs north and south, and new Highway 19, running east and west and under construction at the time, in Lauderdale County, Miss. Carlisle filed the action in the Circuit Court of Lauderdale County against appellees, and recovered judgment on a jury verdict of $8,000. Carlisle appeals as to damages only, assigning as errors, among other

things, that the verdict of the jury is so low in view of his injuries as to manifest bias, passion and prejudice against him; and that the small verdict was the result of erroneous instructions given defendants.

■■ The accident happened on the morning of June 20, 1958. New Highway 19 was under construction and crossed the Whynot-Causeyville road. Sand and gravel had been placed on the new highway, and over the surface of the north-south, Whynot-Causeyville road. On the north edge of the intersection of these two roads the new highway was raised 6 to 8 inches above the old road. Carlisle was driving south on the Whynot-Causeyville road. Brown, working for Cobb Brothers, was driving a truck from west to east on the new highway, loaded with sand. The two vehicles collided in the southwest area of this intersection. Without detailing the evidence, we have concluded that whether Carlisle and Brown, respectively, were negligent in the operation of their vehicles, and the extent of that negligence as contributing to the collision were questions which the trial court properly submitted to the jury. ■■ The record warranted the giving to defendants of a comparative negligence instruction. Miss. Code 1942, Secs. 1454, 1455. Nor do we find any error in the sudden emergency instruction granted them, although it was in somewhat abstract and general terms, and more properly should have been related to their factual contentions.

Appellees obtained two instructions which we think require reversal of the judgment as to damages only, and a remand for retrial of that issue. One instruction stated: ''The court instructs the jury for the defendants that the driver, Brown, was proceeding to the right of the Carlisle automobile as the two vehicles approached the intersection of the Whynot Road with the road under construction, and when two vehicles approach an intersection at approximately the same time and come up to it at approximately the same time, the driver to the right hand side of the other driver has the right of way to

cross the said intersection, and it is the duty of the driver to the left hand side, under the circumstances above set forth to yield the right of way to the driver to his right.''

■ ■ The traffic regulation which gives to vehicles the right of way over other vehicles approaching from their left is statutory in origin and nature. 60 C.J.S., Motor Vehicles, Sec. 362 page 866; Miss. Code 1942, Sec. 8195(b). Appellees cite no common law rule to that effect, and apparently none exists. Hence the question is whether the statutory rule of Code Sec. 8195(b) applies to the intersection of an existing public road, and a new highway under construction and not yet open for general vehicular traffic. New Highway 19 fell in this category. We do not think this statutory traffic regulation applies to this type of intersection. Code Sec. 8137(a) states the highway must be ''open to the use of the public, as a matter of right, for purposes of vehicular traffic''. See also Code Sec. 8138.

■ ■ Accordingly, the common law principles of negligence are applicable in this suit, rather than the statutory ones stated in the above quoted instruction. Plaintiff's own instructions referred to the meeting point of these two highways as an ''intersection''.

Somewhat analogous is Vaughan v. Lewis, 112 So. 2d 247 (Miss. 1959), where the collision occurred between trucks on private property, in the construction of an air force base. It was there said: ''These statutes obviously have no legal application, as such, so far as the regulation of traffic on private property is concerned. However, in regard to the respective duties of motorists at intersections, the statutes are based on the result of human experience. In most instances, that which is now a violation of statute, and Therefore negligence by legislative fiat, was, prior to the enactment, also negligence under common-law principles. Cf. Illinois Cent. R. Company v. Mann, 141 Miss. 778, 106 So. 7; Clark v. Gilmore, 213 Miss. 590, 57 So. 2d 328.

"The statutes, by requiring the observance of the adopted rules of the road, condemn the violation thereof as negligence, thus obviating the necessity of a judicial determination as to whether such violation constitutes negligence. But common-law negligence, not negligence by reason of violation of a statute, was the question for determination."

 Since the favored driver rule is solely statutory in origin and has no relation to common law principles of negligence, it was reversible error for the circuit court to give defendants the above quoted instruction. See also 60 C. J. S., Motor Vehicles, pp. 603-604, 874; 61 C. J. S., Motor Vehicles, p. 634; 5A Am. Jur., Automobiles, p. 389.

 It was also reversible error to give defendants the following instruction: "The court instructs the jury for the defendants that it was the duty of the plaintiff as he drove his car in a southerly direction on the Whynot Road and approached or reached the intersection with Highway 19, to yield to (sic) the right of way to the truck of the defendants going east on Highway 19, if the truck of the defendants had already entered the intersection or if the two vehicles entered the intersection at approximately the same time. Failure of the plaintiff to so yield the right of way at the intersection in either event would be negligence, and if you believe from the evidence that such negligence, if any, was the sole proximate cause of the collision and the injuries of the plaintiff, it will be your duty to find for the defendants."

There was no evidence to support the "if" clause, permitting the jury to find that the truck of defendants had already entered the intersection. The evidence shows that Carlisle's automobile actually entered the intersection first. Yet this instruction asserts that failure of plaintiff to yield the right of way, if defendant had already entered the intersection, would be negligence, although the evidence would not support such finding.

We have considered carefully the other instructions given defendants and plaintiff, and do not find that they are in error. The defendants' other instructions in substance submitted to the jury the questions, related to sole proximate cause, of whether plaintiff kept a proper lookout and his car under control; and whether he entered the intersection with new Highway 19 at a time when defendants' truck was approaching it so closely as to constitute an immediate hazard. They presented their theory of the case. On the other hand, plaintiff's instructions submitted his claims to the jury: That his car reached the intersection first and was proceeding across it at a time when defendants' truck could by the exercise of reasonable care avoid the collision; and that Brown did not keep his truck under control and was driving at an unreasonable rate of speed. These were issues of fact. As was stated in Vaughan v. Lewis, *supra,* these instructions enunciated principles of negligence under the common law. 60 C. J. S., Motor Vehicles, pp. 603-604, 874; 61 C. J. S., Motor Vehicles, p. 134; 5A Am. Jur., Automobiles, p. 389.

■■ ■ On this appeal Carlisle asserts that the verdict and judgment on the issue of damages only should be reversed. We hold the two above quoted instructions are reversible error. Hence the case is reversed and remanded for a retrial on the question of the amount of damages alone. Upon the new trial all of the facts should be presented to the jury on the question of the negligence of all parties, including appellant, and the jury will have the right to apportion damages under the comparative negligence statute. Vaughan v. Bolis, 221 Miss. 589, 597, 63 So. 2d 160 (1954); Williams v. Clark, 110 So. 2d 365 (Miss. 1959); Jenkins v. Cogan, 238 Miss. 543, 119 So. 2d 363.

Reversed and remanded for trial on issue of damages only.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.