McClure *v.* Felts

No. 43389          March 8, 1965          172 So. 2d 549

*Edward J. Currie, Edward J. Currie, Jr.,* Hatties-burg; *Robert A. Pritchard,* Jackson, for appellant.

*Gray & Montague,* Hattiesburg, for appellee.

LEE, C. J.

Wayne L. McClure sued Dr. Nollie C. Felts, Jr., to recover damages, both actual and punitive, because of injuries alleged to have been sustained by him by rea-

son of the negligence of the defendant in the operation of his motor vehicle.

The declaration charged that, on October 21, 1962, Nineteenth Avenue in the City of Hattiesburg ran north and south and Adeline Street ran east and west; that on both of these thoroughfares the maximum speed permitted by ordinance of the city was 30 miles per hour; and at the point of their intersection, stop signs were on each corner, requiring all traffic to come to a complete stop before entering the intersection.

It was further charged that, at 11:30 that morning, as he was proceeding in his 1959 Chrysler Imperial automobile north on Nineteenth Avenue, while it was raining, after he had complied with the governing laws and ordinances and while in the act of crossing the intersection, the defendant, Dr. Nollie C. Felts, Jr., in his 1960 Lincoln Continental automobile, driving west on Adeline Street negligently approached the intersection at an unlawful and unreasonable rate of speed, and negligently failed to observe and obey the stop sign on Adeline Street, and negligently drove his automobile into the intersection, already occupied by the automobile of the plaintiff, with great force and violence, causing substantial damage to plaintiff's automobile and serious painful and permanent injuries to the plaintiff.

The answer of the defendant denied the several material allegations of the declaration, and denied that his failure to come to a complete stop was the proximate cause of the collision. On the contrary, he charged that the act of the plaintiff in failing to keep a lookout and to stop, as he was required to do, and his driving over the intersection at an unlawful and dangerous rate of speed in entering and proceeding thereover, created such a sudden emergency to him that he was powerless to avoid or control the result; and that the negligence of the complainant was the sole and proximate cause of the collision and consequent damage.

Issue was therefore joined on these questions of negligence. There were only two eyewitnesses to this collision, namely, McClure and Dr. Felts. Other evidence consisted of photographs of the damaged automobiles, the location, and explanations by traffic officers.

McClure testified that he was driving his 1959 Chrysler Imperial automobile north on Nineteen Avenue that Sunday morning about 11:30 on his way to church; that this avenue ran north and south and was intersected by Adeline Street, which ran east and west; that Dr. Felts was driving his 1960 Lincoln Continental automobile west on Adeline Street; that both of these thoroughfares were in a 30-mile zone and that this intersection had the four-way stop signs on each corner. The collision occurred between these vehicles in the intersection of these two streets.

McClure also testified that he was proceeding along the Avenue, as he approached the intersection, at 10 to 20 miles per hour; that he came to the stop sign and stopped; that he could see to the crest of the rise on Adeline Street about 400 feet away, and that he looked both to the right and to the left; that there was no vehicle in sight; and when he had gone three-fourths of the way through the intersection, he noticed and felt the Lincoln hitting him. It was raining and the pavement was slippery and the width of the intersection was at least 40 feet. It was his judgment that the Lincoln at the time it entered the intersection was traveling between 45 and 50 miles per hour and that it did not stop until it came in contact with his automobile. He offered in evidence six photographs of the scene and the cars as an exhibit to his evidence. He described his injuries together with the damage to the cars.

Dr. Felts repeatedly admitted that he did not come to a full stop. He said that, as he was driving west on Adeline Street, he was going approximately 30 miles per hour; that he started slowing down as he approach-

ed the intersection; and that he became aware of Mc-Clure's car when it was about 150 feet from the intersection, and when he was about 30 or 40 feet from it. He said that the stop sign was about 10 feet from the blacktop, and that he was slowing down for this intersection in a perfectly routine manner. He said that when he was about 3 feet from the stop sign, McClure was 30 to 50 feet from his sign; and that when he was at the stop sign, McClure was about 10 feet from his stop sign. He became aware of the strange progression of the McClure car inasmuch as it did not slow down; that the car barreled through the intersection; and that if he, the doctor, had stopped, of course he would not have hit the McClure automobile. He said that he could see McClure's face and that he was looking up; that McClure did not see him and admitted that he did not do so; and that McClure looked neither to the right nor to the left. Under the circumstances, when he saw what was happening he mashed his brakes completely to the floor and skidded, and that caused him to hit McClure's automobile broadside. He said that he was not hurt at all himself; that McClure did not change his speed at all; and that he was going much faster than the doctor was going before he even started to slow down.

The jury found a verdict for the defendant, and the plaintiff has appealed.

The appellant contends that the court erred in refusing to give his following requested instruction, to-wit: "The Court instructs the jury to find in favor of the Plaintiff on the question of liability and return a verdict in favor of the Plaintiff in such sum, if any, as you may believe from a preponderance of the evidence he is entitled to receive from the Defendant, Nollie C. Felts, Jr."

The appellant would have been entitled to an instruction that the defendant, on account of his admitted fail-

ure to stop in obedience to the stop sign, was guilty of negligence. However, he did not ask for such an instruction. In the case of Vaughn v. Lewis, 236 Miss. 792, 112 So. 2d 247 (1959), the Court, at page 798 thereof, was dealing with the question of negligence, explaining that the statutes, applicable to public roadways and streets, "are based on the result of human experience." It said: "In most instances, that which is now a violation of statute, and therefore negligence by legislative fiat, was, prior to the enactment, also negligence under common-law principles. Cf. I. C. R. R. Company v. Mann, 141 Miss. 778, 106 So. 7; Clark v. Gilmore, 213 Miss. 590, 57 So. 2d 328.

"The statutes, by requiring the observance of the adopted rules of the road, condemn the violation thereof as negligence, thus obviating the necessity of a judicial determination as to whether such violation constitutes negligence. But common-law negligence, not negligence by reason of violation of a statute, was the question for determination."

██ ██ All cars are required, under the city ordinance, to come to a full stop at this intersection. Felts admittedly did not stop. Consequently he was, as a matter of law, guilty of negligence. ██ ██ At the same time, it was necessary that the jury believe from a preponderance of the evidence that such negligence proximately caused or contributed to the collision. It was not error therefore on the part of the court to refuse the requested instruction.

Appellant complains of instruction No. 3 given the appellee. That instruction was as follows: "The Court instructs the jury for the Defendant, Dr. Nollie C. Felts, Jr., that the word 'negligence' as used in the instructions granted by the Court means the doing of something which a reasonably prudent person would not have done under like or similar circumstances, or the failure to do something which a reasonably prudent

person would have done under like or similar circumstances; and further, that said Defendant had a lawful right to be where he was at the time of the collision of October 21, 1962, and that the mere proof of such collision does not necessarily, standing alone, constitute negligence as herein defined.''

The vice of that instruction is, that even though the appellee admitted that he did not stop, as required by the ordinance, and was therefore guilty of negligence the court told the jury: ''that said Defendant *had a lawful right to be where he was at the time of the collision* of October 21, 1962, and that the mere proof of such collision does not necessarily, standing alone, constitute negligence as herein defined.'' (Emphasis supplied). This conflict in the applicable law is irreconcilable, equivalent to a peremptory for the appellee, and constituted reversible error.

The appellant claims that appellee's given instruction No. 4 was error because of the following expression therein: ''as a matter of law and irrespective of the testimony of any particular witness for either party, you are the sole judges of the weight and worth of the testimony and of the credibility of the witnesses, and that it is within your province, in making up your verdict in this case, to accept or reject, in whole or in part, the testimony of any witness or witnesses; . . .''

See Alexander, Mississippi Jury Instructions sections 4996-5002 inclusive (1953). Running through all of those suggested forms of instruction is the admonition to the jury *''to honestly and fairly consider all of the testimony offered.''* (Emphasis supplied). The instruction here under consideration was argumentative, weakened the jury's function, and should not have been given.

The appellant complains of defendant's given instruction No. 8, being another version of the so-called sudden emergency instruction. In view of the fact that appellee admittedly did not stop in obedience to the

stop sign, and therefore violated the law and was guilty of negligence, he could not invoke the doctrine of sudden emergency.

In Gulf, M. & O. R. Co. v. Withers, 247 Miss. 123, 154 So. 2d 157 (1963), the syllabus enumerated three elements to be incorporated in such an instruction as follows: "(1) He must have used reasonable care before the emergency arose, and it was not one of his own creation or making; (2) define and describe briefly the sudden emergency, stating the facts which, the jury might decide, warranted a finding of sudden emergency; and (3) after the sudden emergency arose, he must exercise such care as a reasonably prudent and careful person would use under the circumstances." See also Kettle v. Musser's Potato Chips, Inc., 249 Miss. 212, 162 So. 2d 243 (1964).

Appellant also complains of the appellee's given instruction No. 13, especially that part which says: "but the damages allowed, *if any at all,* shall be limited to what the Plaintiff in this case is entitled to recover for the injuries sustained by him, taking into consideration all of the facts and circumstances." (Emphasis supplied).

The above referred to instruction is too argumentative, and should not be given in that form.

Other criticisms are offered to other instructions in certain respects, but the Court is of the opinion that they substantially stated those features and did not constitute error.

For the reasons assigned the cause must be, and it is, reversed and remanded for a new trial.

Reversed and remanded.

*Ethridge, Gillespie, Jones and Patterson, JJ.,* concur.