BRADY, Justice:
A collision occurred on Highway 82 in the town of Eupora, Oktibbeha County, involving the appellant and the three ap-pellees. The trial court granted a peremptory instruction as to the appellee Kenneth Berryhill who did not appear at the trial. The jury returned a verdict in favor of the appellee James R. Carpenter. A verdict of $25,000 was returned in favor of the appellant against the appellee William L. Dean. Appellant prosecutes this appeal as to the appellee James R. Carpenter solely on the question of liability. The appellee *575 Carpenter cross appeals on the grounds that the trial court'erred in not granting him a directed verdict, and in permitting the appellee Dean to testify that Carpenter had the last clear chance to avoid the wreck.
On the inauspicious night of Friday, December 13, 1963, at approximately 7:00 P.M., the appellant and appellee J. R. Carpenter were returning to Starkville from a conference in Hot Springs, Arkansas. The trip was made in Carpenter’s automobile and he was reimbursed for all of his travel expenses by the Mississippi Cooperative Extension Service, including his car expense. The appellant Rivers was Carpenter’s immediate supervisor. Though virginal in consideration by any litigant, it is indisputable that Rivers and Carpenter were engaged in a joint venture. The appellant was driving when they left Hot Springs shortly after their noon meals. He crossed the Mississippi River at Green-ville and proceeded to Greenwood where they stopped for supper. Carpenter, who had driven all the way en route to Hot Springs, again assumed the driving duties when they left Greenwood. The record discloses that the appellant had his seat belt fastened when leaving Greenwood but that somewhere between Greenwood and Eupora he unbuckled it so that he might more easily go to sleep. He slept most of the way from Greenwood to Eu-pora. Upon entering Eupora he awoke long enough to notice the Christmas lights, but went back to sleep as Carpenter proceeded through the town. There are only two traffic lights operating in Eupora, and Carpenter brought his car to a stop in compliance with the first traffic light. A light mist or rain had been falling and it was dark. The lights of the car were on as were the windshield wipers. The portion of the windshield which was not cleaned by the wipers was covered with mist and trash from the road, as is frequently the case. Carpenter proceeded through the second green light and beyond, a distance of two hundred fifty to three hundred yards. He testified that he was proceeding at a speed of twenty to twenty-five miles per hour, but on cross-examination concluded that he did not exceed thirty miles per hour, which is the designated speed limit in that area.
There was traffic flowing east and west on Highway 82 as the Carpenter car proceeded eastwardly. The record distinctly reveals that as Carpenter proceeded east-wardly at a speed between twenty to thirty miles per hour with his windshield wipers operating to keep his vision unimpaired, a pickup truck driven by Kenneth Berryhill approached in the north lane proceeding in a westwardly direction. The truck was traveling very slowly or had almost stopped. Simultaneously an automobile being driven by William L. Dean was proceeding west-wardly behind the Berryhill truck. Dean testified he did not see the pickup truck ahead of him until he “was right on the back of it. I never did see any lights but I saw the tail gate and that is all I saw.” Dean testified he put on his brakes and slid approximately forty or fifty feet before striking the rear of the pickup truck. Dean did not know what happened after he struck the truck, but stated that his car turned around in the road and was headed east. He testified that he never saw Carpenter’s automobile until after the wreck when he got out of his own car.
Patrolman C. B. McLemore who investigated the accident approximately ten minutes after it occurred testified that “an average driver, a little better than the average driver could cope with the situation as it existed at the time and place at a speed of thirty miles an hour.” The patrolman further testified that Carpenter’s car was where it should have been at the point of impact, and the record disclosed it was in its proper lane approximately two feet south of the median line. The patrolman testified that the thirty mile speed limit is that which is allowed under any conditions.
We have here a classical illustration of the mysterious operation of the aleatory ele *576 ment which plays a dominant part in the lives of men. Dean apparently swerved his Plymouth car slightly to the right in an effort to avoid striking Berryhill’s pickup truck but his car struck the pickup on the right rear side. The angle of incident was such that it drove Berryhill’s pickup truck to the left across the median line and into the oncoming automobile driven by Carpenter. Carpenter’s car obviously was so close to the point of impact that when the truck was suddenly propelled into the lane in front of his car there was absolutely nothing which Carpenter could have done to avoid striking the Berryhill truck. The entire episode consisted of a chain of events which, once put into operation, were concluded in the twinkling of an eye, or at best within two to three seconds.
The appellant sustained serious injuries which resulted in medical expenses amounting to $4,385.06, all of which were paid by the Government or some department thereof through insurance. Fortunately, also, the appellant due to accumulated sick leave and vacation time received every weekly salary payment and sustained no financial loss because of his illness and incapacitation. He has, moreover, since his injury received an advance in salary.
On direct appeal there are but two errors assigned by the appellant: (1) The verdict of the jury is contrary to law and the overwhelming weight of the believable evidence, clearly showing bias and prejudice on the part of the jury; and for that reason the lower court erred in refusing to grant a peremptory instruction in favor of the appellant; and (2) the granting of Instruction No. 1 for the appellee Carpenter was error. Instruction No. 1 is as follows:
The Court instructs the jury for the defendant, James R. Carpenter, that if you believe from the evidence that the defendant, James R. Carpenter, was faced with a sudden emergency, not created or contributed to by any negligence on the part of the defendant, James R. Carpenter; and if you further believe from the evidence that the defendant, James R. Carpenter, after being faced with such sudden emergency, exercised care that an ordinary reasonably prudent man would have exercised under the same circumstances, then it is your sworn duty to find for the defendant, James R. Carpenter.
A careful study of the pleadings in this cause, a detailed reading of the testimony together with briefs of counsel and an objective appraisal thereof convinces us that the jury had ample and credible evidence to find that appellee Carpenter was not guilty of negligence which caused or proximately contributed to the accident and resultant injuries. There is nothing in the record or of substance in the briefs of appellant to establish bias, passion or prejudice on the part of the jury in rendering its verdict. The appellant found no fault in the jury’s verdict in the sum of $25,000 against appellee William L. Dean since no appeal therefrom is taken. It was the same jury which found in favor of appellee Berryhill from which no appeal was taken. It is only with reference to appellee Carpenter that the appellant urges bias, passion and prejudice as evidenced by the verdict of the jury.
In passing, the appellant admitted that during the time he was awake and the ap-pellee Carpenter was driving that he drove in a careful, prudent and cautious manner. Not'once during his waking hours did he criticize or find fault with the manner in which appellee Carpenter drove his car.
It is to be noted that there were only two eye witnesses to the accident and only the appellee Carpenter actually saw the cars at the point of impact. Appellee Dean frankly stated he did not see appellee Carpenter’s car until after his car had turned completely around, facing east, and he had gotten out of it. The scintilla rule has no application in our courts. Hollie v. Sunflower Stores, Inc., 194 So.2d 217 (Miss.1967), citing Berry v. Brunt, 252 Miss. 194, 203, 172 So.2d 398, 402 (1965).
*577 Obviously the trial court erred in permitting appellee Dean to testify that ap-pellee Carpenter had the last clear chance to avoid the collision since Dean did not know the position of Carpenter’s car with reference to Berryhill’s truck when the truck was propelled into the eastbound lane of traffic by the collision with the Dean automobile. This purely legal conclusion is not supported by any facts testified to by Dean but, to the contrary, it is strongly refuted by Carpenter’s detailed analysis of why and how the collision occurred. The verdict of the jury eliminates further consideration of this error.
 Instruction No. 1 granted the ap-pellee Carpenter is technically incorrect in that it does not briefly describe the sudden emergency which arose. We have heretofore condemned such an incorrect instruction. McClure v. Felts, 252 Miss. 234, 243, 172 So.2d 549 (1965); Kettle v. Musser’s Potato Chips, Inc., 249 Miss. 212, 238, 162 So.2d 243, 252 (1964).
The testimony taken before the jury meticulously and precisely outlined the sudden emergency which was created by Dean’s automobile ramming into the back of Berryhill’s truck thereby driving the truck across the center line into the front of Carpenter’s car. The jury was fully advised by the testimony as to what facts constituted the sudden emergency, but this does not supply the essential ingredient missing in the instruction.
Under Rule 11 we decline however to reverse because of the defective instruction for the reason that the evidence, irrespective of the instruction complained of, clearly discloses that the jury was correct in finding that the actions of appellee Carpenter did not constitute negligence which proximately caused or contributed to the accident and appellant’s injuries. Mason v. Barmer, 195 So.2d 482 (Miss.1967); Reaves v. Wiggs, 192 So.2d 401 (Miss.1966).
It is not necessary for us to consider whether the trial court erred in not granting a peremptory instruction for the appellee Carpenter because the jury in this case reached the proper verdict. We are of the opinion, however, that if the trial court had granted appellee Carpenter a peremptory instruction, reversible error would not have been committed thereby.
For the foregoing reasons, the judgment is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ., concur.