BRADY, Justice.
Appellant instituted suit in the Circuit Court of Neshoba County seeking to recover for the loss of two cows which were killed when struck by an automobile being driven by the appellee. From a jury verdict and judgment in favor of the appellee, the appellant prosecutes this appeal.
There is little dispute as to the essential facts in this cause. The appellant, D. W. Bozeman, lives approximately six miles from Philadelphia, Mississippi, on the south side of Mississippi State Highway 21, a blacktop highway running generally southwest-northeast. He owns cattle which he grazes on his farm. The appellant testified that two days prior to December 21, 1962, he had examined the fences surrounding his land on which his cows grazed, finding them in good condition and sufficient to keep the cows in the pasture. However, on the date of the accident a limb from a red oak tree fell upon the fence and broke the top strand of wire so that two cows, unknown to the appellant, got out of his pasture. Around five o’clock that afternoon appellant’s neighbor, Mr. R. N. Townsend, saw the two cows near or on his farm and proceeded to drive them along the shoulder of Highway 21 toward the homestead of the appellant. At approximately the same time, the appel-lee, Mr. William H. Tucker, who was driving his father’s automobile in a northeasterly direction along the highway, came over the brow of a hill. He testified that he saw the two cows on the shoulder of the road when he was one-quarter of a mile away, but that he did not see Mr. Townsend. The appellee further testified that when he first saw the cows they were five or six feet off the blacktop portion of the road. He said that as he approached the hill he was making a maximum speed of sixty-five miles per hour. As he proceeded down a little hill he allowed his automobile to slow to approximately forty-five miles per hour. When his car reached a little rise, he resumed his speed of sixty-three to sixty-five miles per hour. Mr. Townsend estimated appellee’s speed at seventy miles per hour.
Appellee testified that he thought the cows were on the side of the road and it wouldn’t matter. He stated: “I was foolish, I guess, in not knowing animals as they are.” As he came over the little rise, the first thing he noticed was one of the cows about halfway on the right side of traffic, “before you get to the middle line.” The cow was at an angle across the road. He testified that he then applied his brakes, and estimated that he was approximately forty-five yards or more from the cow at the time. He stated:
I thought if I couldn’t stop, I could go between those two cows. I didn’t stop and the way that I presumed that Mr. Townsend was behind the cows — I never did see Mr. Townsend — I hit one cow on the left fender and I hit the other cow on the right fender because the other cow, just before I got there, just as it skidded, the other cow started across the road also at a straight angle.
The record discloses that appellee’s car knocked one of the cows against Mr. Town *797 send, breaking his leg and inflicting other injuries, and the other cow was knocked into the ditch on the opposite side of the highway. In response to a question concerning when he saw the cows turn and cross in front of him, he replied: “As I come up over that little hill out there, as I said, I must have had a mind loss there for a moment. When I saw them, they were in the road.”
The appellant sued for $350 actual damages, the value placed on the cows, plus $5,000 punitive damages. The appellee filed a counterclaim asking for damages in the amount of $902.09 covering the damage done to his automobile. The jury returned a verdict in favor of the appellee.
Errors committed in the granting of certain instructions render it unnecessary for us to consider other assigned errors. The first instruction requiring our attention reads as follows:
The Court instructs the Jury for the defendant that under the law when a person is suddenly confronted with sudden emergency, not of his own making, and is by reason thereof placed in a position of peril to himself without sufficient time in which to determine with certainty the best thing to do, he is not held to the same accuracy of judgment as if required of him under ordinary circumstances, and in this instance if you believe from the evidence that William Tucker, the defendant driver of the automobile, was immediately prior to the collision with the two cows confronted with a sudden emergency which he did not create and was by reason thereof placed in a position of peril to himself, then weighing the evidence and in determining whether or not the defendant was guilty of negligence at the time of the collision you may take into consideration all the facts and circumstances as shown by the evidence and the situation with which the driver was confronted, and you must believe from a preponderance of all the evidence in this case that the defendant was guilty of negligence which contributed to the collision with the two cows before the plaintiff is entitled to a verdict at your hands, and if the plaintiff has failed to prove to you by a preponderance of the evidence that the defendant was guilty of negligence which contributed to the collision with the cows, then your verdict must be for the defendant.
This instruction is erroneous for two reasons. First, if there was an emergency, it existed at least in part as a result of the actions of the appellee, and for this reason he was not entitled to this instruction. May v. Pace, 197 So.2d 220 (Miss.1967). The proof conclusively shows that he knew the cows were in the road when he was over a quarter of a mile away. The record does not show that he was unable to see the cows when he went down into the slight depression. Second, the instruction did not define and describe the facts which would warrant the jury in finding that the sudden emergency arose. In this case this requirement is important because the jury could have inferred from the instruction that the cows suddenly ran into the road, as to which there is no proof. On the other hand, the jury might have thought the sudden emergency was the presence in the road of the cows after the appellee came over the rise. We have, with metronomic regularity, undertaken our Sisyphean task of imparting to the Bar the three essentials which must be present in an instruction concerning a sudden emergency and which must factually exist to justify the granting of a sudden emergency instruction. See, e.g., Continental So. Lines, Inc. v. Lum, 254 Miss. 655, 182 So.2d 228 (1966); McClure v. Felts, 252 Miss. 234, 172 So.2d 549 (1965); Kettle v. Musser’s Potato Chips, Inc., 249 Miss. 212, 162 So.2d 243 (1964).
The second instruction to require consideration reads as follows:
The Court instructs the Jury for the defendant that when the driver of an automobile is driving the same at a reasonable speed and has the automobile under rea *798 sonable control, and is keeping a reasonable lookout, then no liability as for negligence attaches for an inquiry (sic) to animals who (sic) are straying adjacent to the paved portion of the highway and said cattle unexpectedly turns (sic) and dashes (sic) in front of the automobile, when so close thereto the driver by exercise of due care is unable to avoid a collision, and provided he then exercises reasonable care and in this case, if you believe from the evidence the cattle of D. W. Bozeman were adjacent to the paved public state highway immediately traveling West and that William Tucker was driving his automobile at a reasonable rate of speed and had the same under reasonable control, and that when he was at a position near the two head of cattle, they turned into the paved portion of the state public highway into the path of the defendant’s automobile, and that William Tucker then acted as a reasonable person would have acted in trying to avoid an accident, but despite his efforts, there was a collision between his car and the two cattle, then it will be your sworn duty to return a verdict straight out for the defendant.
This instruction is erroneous because there is nothing in the record to show that the cattle turned and suddenly dashed in front of the automobile at a time when the driver was so close as to be unable to avoid a collision. There are other defects in this instruction which time and space will not permit us to discuss. A study of this misleading instruction should eliminate it from further use.
The following three instructions are considered together:
The Court instructs the Jury for the defendant that any person who undertakes to drive cattle on a state highway is required to exercise reasonable care and caution of a reasonably prudent person, and if the Jury believe in this case that the plaintiff failed to exercise such care in this case in driving said cattle or permitting them to be driven by another person on a public state highway, then the plaintiff is guilty of negligence and further if the Jury believe that such negligence of the plaintiff contributed to the accident, then you should find for the defendant.
The Court instructs the Jury for the defendant that if you believe from the evidence in this case that the plaintiff knew or if by the exercise of reasonable prudence ordinarily exercised by a reasonably prudent man would have known that to drive loose cattle on a state public highway created a hazard, and that if the Jury further believe from the evidence that such hazard contributed to the accident, then it is your sworn duty to find for the defendant.
The Court instructs the Jury for the de- ■ fendant that the burden of proof is upon the plaintiff to prove by a preponderance of the testimony that the automobile alleged to have caused the accident was being operated in an unlawful and negligent manner and that such negligence of the defendant driver of said automobile was the sole proximate cause of the injuries to the plaintiff, and the Court further instructs you that if the plaintiff fails to meet this burden of proof, then it is your sworn duty to find for the defendant.
The defect common to each of these three instructions lies in their failure to allow the jury to apply the comparative negligence statute, Mississippi Code 1942 Annotated section 1454 (1956), thereby denying the plaintiff recovery if his negligence contributed to the accident.
In the next instruction to be considered we find this language:
The Court instructs the Jury for the defendant that if the Jury believe from the testimony that the plaintiff in permitting the two head of cattle on a public state highway failed to take reasonable precaution to prevent their turning into the state public highway in front of the oncoming *799 automobile driven by the defendant, then it is your sworn duty to find for the defendant.
This instruction is erroneous because there is absolutely no evidence tending either to prove or disprove that the plaintiff took reasonable precaution to prevent the cows from turning into the highway. The record fails to disclose either that the appellant knew in what manner Townsend was driving the cows or that he in fact had any knowledge that Mr. Townsend was driving the cows down Highway 21.
The following instruction was also erroneously given:
The Court instructs the Jury for the defendant that if the Jury believe from the testimony in this case that the plaintiff, when permitting his cattle on a public state highway, failed to take such measures as a reasonably prudent person would take under similar circumstances to stop said cattle or keep said cattle from turning and running into the highway in front of the automobile being driven by the defendant, then he is guilty of negligence and he will be precluded by his negligence from recovering for any damages resulting from a collision of said cattle with the automobile.
This instruction is erroneous for two reasons. First, there is no proof of the cattle running into the highway in front of the defendant’s automobile, and second, this instruction would cut off any recovery by the appellant as a result of any contributory negligence on his part. Miss.Code 1942 Ann. § 1454 (1956).
The next instruction is erroneous for the reason that there is no proof that any person, particularly the appellant, drove the livestock into oncoming traffic. That instruction reads as follows:
The Court instructs the Jury for the defendant that every operator of an automobile has the right to assume and to act upon the assumption that persons driving livestock adjacent to public state highways will exercise ordinary care and caution in driving livestock adjacent to said state public highways and will not drive livestock into said state public highways into oncoming traffic.
A reasonably prudent driver can more safely assume that a chicken, dog, cow, mule or child most likely will cross the road in front of an approaching car, and drive accordingly.
This case explicitly discloses a lawyer’s most common occupational hazard. Lawsuits are tried on relevant evidence and applicable law. When the essentials of both these elements are established, anything more can create hazards which often are disastrous. The more links there are in the chain of proof or instructions, the more chances there are for defects and reversals. Astute trial attorneys carefully avoid this Scylla and Charybdis.
Although it is seldom possible to anticipate exactly how the testimony will be developed and what the evidence will ultimately disclose, counsel nevertheless should know what his client’s witnesses will testify. Instructions accurately stating rules of law can be prepared prior to trial based upon the anticipated evidence.
Apparently the instructions in the case at bar were drafted subsequent to the trial and prior to the summations. Instructions so prepared in the “heat of battle” frequently embody erroneous statements of fact and law which mislead the jury and cause reversals.
A review of the instructions approved by this Court in accidents involving cattle and persons using the highways of this state will be helpful on a retrial of this cause.
Because of the erroneous instructions given to appellee, this case is reversed and remanded.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, PATTERSON and SMITH, JJ., concur.