HAWKINS, Presiding Justice,
for the Court:
This is an appeal by Edward Charles Bland, administrator of the estate of Charles Andre Bland, and Margueritie G. Bland, individually and as the guardian of Edward Kenard Bland, from an adverse judgment in the circuit court of Clarke County in an action for the wrongful death of Charles Andre. The defendants and ap-pellees are Raymond D. Briggs, a truck driver, and his employer Earl Rolison.
FACTS
The Timber Realization Company lumber mill is on the East side of Highway 45 in the town of Quitman. It has a cyclone fence in front with a driveway and gate 44 feet wide leading onto the shoulder and hard surface of the two-lane highway. Between the East shoulder and the fence is a shallow ditch draining through a culvert under the driveway. Concrete curbs are over each end of the culvert at the North and South end of the driveway.
Around 2:00 p.m. on the afternoon of July 29, 1983, Raymond D. Briggs, who was driving an eighteen-wheel Mack truck and log trailer, had just unloaded, and planned to drive approximately 20 miles out in the country for one more load for the day. The weather was clear and dry. The trailer was approximately 38 feet in length from the driver of the cab to the rear. The tractor had ten wheels, the trailer eight, all eight at the rear of the trailer. The trailer connected to the cab by a long coupling pole six-to-eight inches in diameter. This pole was oter 40 feet in length, so that the trailer could be lengthened or shortened.
Briggs, 45, had been driving a truck for eighteen years. He earned $50 a day in wages.
*895 It was Briggs’s intention to pull out into the highway and turn left, or South, and drive to the timber site. In making such a turn the driver would pull the tractor to the far (West) side of the pavement before making the turn. This was to avoid the rear of the trailer, which made a narrower arc in its turn than the tractor, catching the fence. Briggs pulled his truck and trailer toward the left, or South side of the open driveway, past the gate and sufficiently close to the highway to observe on-coming traffic from each direction.
As he stopped just outside the gate, Briggs noticed three boys standing at the culvert on his left, the South side of the driveway. Two were eleven, and one nine years of age. The boys obviously saw the truck, and were standing, not walking. One of the eleven-year-old boys was Charles Andre Bland. Briggs testified he stopped his truck over a minute before pulling out in the highway, observing the boys while stopped.
In the past Briggs had seen children playing alongside the highway on the opposite side, and always to him seemed to observe the traffic of the trucks.
Before driving forward, Briggs looked to the right out on the highway, and saw a car about a block North coming South, and as he looked to the left he saw another car about a block South coming North. He pulled out into the highway, and just as he did, he noticed the boys still standing there. From the moment he started moving forward onto the highway, however, Briggs never attempted to see where the boys were. He no doubt assumed they would remain standing there until tractor and trailer rig drove past them on out into the highway.
Briggs made his turn and had driven just over a hundred feet down the highway when he noticed a man in a North bound car hollering. He stopped, turned and looked in his rear view mirror and saw the body of a child on the edge of the East side of the pavement.
Charles Andre had been struck and crushed by the left wheels of the trailer. A large stain of blood was spread and splattered on the East edge of the pavement, approximately five feet North and 29 feet West of the South gate post. This blood splotch was approximately 25 feet Northwest of where the boys were standing when Briggs last saw them.
Following trial there was a jury verdict in favor of the defendants, and the plaintiffs have appealed.
LAW
I.
WAS BRIGGS NEGLIGENT AS A MATTER OF LAW?
Were the plaintiffs, Margueritie G. Bland, the mother and personal representative, and Charles Bland, administrator of Charles Andre’s estate, entitled to a peremptory instruction on the issue of liability?
A closely analogous case is McGee v. Bolen, 369 So.2d 486 (Miss.1979). In that case Bolen, the driver of a car, noticed several children playing along side the highway when he was over a quarter of a mile away. By the time he approached the area where the children were playing, he had reduced his speed to 25 miles per hour. His mother, riding in the car with him, had also cautioned him to be careful. Bolen no doubt thought he had taken due notice of the children, and had the car under sufficient control. Just as he passed a car going in the opposite direction, however, he noticed a small child in his lane of traffic ahead of him. He instantly applied his brakes, but nevertheless the car struck and killed the child.
This Court held Bolen negligent as a matter of law in not having brought his car under sufficient control to avoid striking the child. Quoting from the decision:
[Ajppellee assumed these children would give him a clear path. This assumption proved error and, in addition, was an assumption constituting a luxury to which he was not entitled....
[[Image here]]
*896 [Djrivers of automobiles are charged with the duty to expect children to do the unexpected, to understand that they may do the ununderstandable and unpredictable, and will act upon a second's impulse. Appellee drove under this responsibility, and had he discharged the duty he owed to those he acknowledges he knew to be at the threshold of the lane on which he was advancing, it follows that this care toward them would have avoided the sad catastrophe reflected in the record....
Id. at 492.
Moak v. Black, 230 Miss. 337, 92 So.2d 845 (1959) involved a motorist striking a nine-year-old child on a bicycle. The car was approaching from the rear. Apparently just as the car was about to pull around him, the child turned the bicycle into its path. We reversed a jury verdict for the motorist as being against the overwhelming weight of the evidence. Citing a previous case of McMinn v. Lilly, 215 Miss. 193, 60 So.2d 603 (1952), we stated:
[MJoreover, a motorist when passing children who are playing or riding on the streets or highways is required to use proper care in giving the necessary signals, in bringing his car under control, and in anticipating the unusual and impulsive actions characteristic of persons of immature years. This rule implies that when the motorist sees a child or young person on the street ahead of him, he must be ready to guard against an unexpected and sudden movement on the part of the child, calculated to endanger the child’s safety, and the motorist must anticipate that young persons will not always act to protect themselves from danger as will a mature adult under the same circumstances.
92 So.2d at 850.
In Bozeman v. Tucker, 203 So.2d 795, 799 (Miss.1967), this Court stated: “A reasonably prudent driver can more safely assume that a chicken, dog, cow, mule or child most likely will cross the road in front of an approaching car, and drive accordingly.”
Undoubtedly Charles Andre moved into the highway after Briggs started forward. Whether the child realized the truck was pulling the trailer is a matter of speculation. Had Charles Andre been a grown person, or a teenager, even, we would have an entirely different question. We do not, but instead a child.
Whether Briggs was negligent as a matter of law in turn entails two more questions.
The first is whether or not he was negligent in pulling ahead at all, after seer ing the children. We cannot hold as a matter of law that he was, because he was stopped at the edge of the highway for at least a minute, and the children were standing there at the edge of the driveway looking directly at his tractor. They were not toddlers wandering or running about the roadside. We therefore cannot hold as a matter of law that Briggs was negligent in pulling into the highway with the children standing there.
The second question is far more difficult. Was Briggs negligent as a matter of law in failing to keep his eyes on the children and his truck under sufficient control so that if one of the children stepped or ran out from his place of safety, Briggs could stop without injuring him?
This is a very close question. Unfortunately, the record does not fully develop one way or another why Briggs concluded he could drive out into the highway without further observing the children. If there was not another ground for reversal of this case, we would be inclined to hold Briggs did not meet the requirement of McGee v. Bolen. Yet, Briggs may have some plausible reason which would clearly make a jury issue of his failure to take further notice of the children once he started following. We therefore decline to now hold on this record the plaintiffs were entitled to a peremptory instruction on liability.
II.
ERRONEOUS INSTRUCTION
Over the objection of the plaintiffs, the defendants were given Instruction D-10, which reads as follows:
*897 You are instructed that if you believe from the evidence that when the tractor-trailer unit operated by Mr. Briggs started forward into Highway Number 45 Charles Andre Bland was then in a place of safety and where it appeared he could not be in danger or injured by the maneuver of proceeding out of the driveway and turning to the South but that Charles Andre Bland suddenly moved or ran from his position of safety to the North so as to place himself in the path of the trailer and that such action on the part of Charles Andre Bland was the sole proximate cause of the accident, then your verdict must in favor of the defendants.
R.450.
Unfortunately no instruction given either the plaintiffs or the defendants embraced the principle announced in McGee v. Bolen, supra; Moak v. Black, supra; McMinn v. Lilly, supra; or Bozeman v. Tucker, supra.
Instruction D-10 is misleading to a jury, just as some of the defense instructions were in the earlier cases. It completely ignores the positive duty on the part of Briggs, once he had observed these small boys, to anticipate the same or similar conduct Charles Andre tragically engaged in, and drive his tractor-trailer so as avoid injury in event of such conduct. The question was not whether the children were in a place of safety standing at the edge of the driveway. Of course, they were safe standing there.
The instruction compounds the error by stating, in effect, that if Charles Andre suddenly ran from his place of safety into the path of the trailer, and this “was the sole proximate cause of the accident,” the jury was to find for the defendants. Thus, the instruction treated this small child no differently from an adult. Of course, if this had been an adult standing there looking at the truck, there would have been no reason to assume he would walk or run directly into the path of the trailer. An entirely different situation was presented with three children standing there. Briggs had the positive duty after observing these small boys to, as stated in the cases, expect the “unexpected,” or “unusual,” and be prepared not to injure in event of such movement. The instruction ignored this legal obligation of Briggs and granting it was reversible error.
Under this instruction, Briggs was absolved of liability if the child suddenly moved from his place of safety into the path of the trailer, while under our law it was precisely this sort of movement Briggs should have been watching for and prepared for as he drove his truck forward into the highway.
We therefore reverse and remand this cause for another trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., not participating.