ON SUGGESTION OF DIMINUTION OF RECORD
ROBERTSON, Presiding Justice,
for the Court:
Appellant, Eugene Stewart, filed on September 21, 1979, a suggestion of diminution of record. On the same date, appellant filed Statement of the Case, Assignment of Errors, Brief of Appellant, and Abstract of the Record.
He suggests that the Record does not contain the pre-trial hearing held on February 23, 1978, on his Motion to Suppress Illegally Seized Evidence, and he prays that this Court issue a writ of certiorari to the official court reporter of the Circuit Court of Humphreys County, directing her to transcribe her notes taken at that pre-trial hearing and file the transcript with this Court.
The record reflects that the official court reporter gave written notice on May 24, 1978, to the district attorney and to Honorable Johnnie E. Walls, Jr., appellant’s counsel, that she had filed the transcript of the testimony and proceedings in this case with the Circuit Clerk of Humphreys County, Mississippi.
On June 15, 1979, the following “Agreement that Stenographic Notes are Correct as Filed” signed by “Johnnie E. Walls, Jr., Counsel of Record” for Appellant, was filed in the Office of the Circuit Clerk of Hum-phreys County:
“Comes now Eugene Stewart, Appellant, by Johnnie E. Walls, Jr., his counsel of record, and the State of Mississippi, Appellee, by Webb Franklin, Assistant District Attorney, trial counsel for the Appellee, and agree that the court reporter’s notes are correct as transcribed and filed in this cause, and further agree that the said court reporter’s notes as transcribed and filed shall become a part of the record in this case on appeal.” (Emphasis added).
*DCXCIV The record was filed with the Supreme Court Clerk on June 26, 1979.
On August 10, 1979, appellant’s counsel requested an extension to August 81, 1979, to file appellant’s brief. The extension was granted. On August 30, 1979, appellant’s counsel requested a second extension until September 11, 1979, and this second extension was granted. By letter dated September 11, 1979, defense counsel requested a third extension of time to September 18, 1979, to file appellant’s abstract and brief. This third extension was granted. No mention was made of any diminution of the record in these three written requests for extension of time to file brief and abstract.
Those who testified at the pre-trial hearing on the Motion to Suppress also testified in detail at the full trial of the case. Their complete testimony is contained in the record.
In view of the fact that defense counsel on June 15, 1979, signed a written agreement that the court reporter’s transcript of the testimony and proceedings taken at the trial was correct as transcribed and filed, and in view of the fact that the appellant did not mention any defect or omission in the record in his three separate written requests for extensions of time, and was in no wise prejudiced by the failure to include the transcript of the testimony, if any, taken at the preliminary hearing on the Motion to Suppress, because the testimony of all witnesses at the full trial was included in the record, the suggestion of diminution of the record is hereby denied.
This matter was considered by a conference of the judges en banc.
All Justices concur, except BOWLING, J., who dissents.