534 So.2d 1033 (1988)
Eugene STEWART
v.
Johnnie E. WALLS.
No. 58240.
Supreme Court of Mississippi.
November 30, 1988.
*1034 James G. McIntyre, Jackson, for appellant.
L. Carl Hagwood, Campbell, DeLong, Hagwood, Wade & Stuart, Greenville, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ZUCCARO, JJ.
SULLIVAN, Justice, for the Court:
Eugene Stewart was indicted by the Humphreys County Grand Jury on a charge of sale of marijuana. As a result, Stewart retained Johnnie Walls to represent him in Humphreys County Circuit Court. During the course of this representation, Walls filed a Motion to Suppress allegedly illegally seized evidence. Following an evidentiary hearing, which Stewart contends was attended by a court reporter who in fact recorded the testimony, the motion was overruled.
Stewart was eventually tried by a jury and found guilty as charged and sentenced to a term of years in the state penitentiary. Feeling aggrieved, Stewart directed Walls to perfect an appeal to the Mississippi Supreme Court.
On May 24, 1978, the court reporter gave written notice to Walls and the prosecuting attorney that she had filed a transcript of the trial proceedings with the Circuit Clerk of Humphreys County, Mississippi. This transcript did not include the testimony and proceedings related to Stewart's pre-trial suppression hearing.
Almost thirteen months later, on June 15, 1979, Walls and the Assistant District Attorney executed and filed an agreement with the Humphreys County Circuit Clerk that the court reporter's transcript was correct. Eleven days later, on June 26, 1979, the record as agreed to was filed with the Supreme Court.
It wasn't until September 21, 1979, that Stewart's attorney realized that the transcript on appeal did not contain the testimony and proceedings from the pre-trial suppression hearing. On that date Walls filed a Suggestion of Diminution of Record, contending that the record did not contain the pre-trial suppression hearing, and asking this Court to issue a Writ of Certiorari to the official court reporter of the Circuit Court of Humphreys County, directing her to transcribe her notes taken at the pre-trial suppression hearing and file said transcript with the Supreme Court. By written opinion on December 5, 1979, this Court denied the Suggestion. See Stewart v. State, 377 So.2d 613 (Miss. 1979).
Subsequently, this Court per curiam affirmed Stewart's conviction in the Circuit Court of Humphreys County. See Stewart v. State, 379 So.2d 1233 (Miss. 1980). Stewart began serving his sentence and was released on December 23, 1980.
On October 8, 1986, Eugene Stewart filed the present complaint of legal malpractice against Johnnie Walls. Stewart's complaint alleged that Johnnie Walls was guilty of gross negligence in executing the agreement of June 15, 1979, whereby Walls certified that the transcript for appeal was correct, even though the pre-trial suppression hearing was not included. Stewart's complaint proceeds on the contention that, as a result of Walls' alleged gross negligence, his appeal from the conviction of sale of marijuana was not properly presented to this Court.
Prior to trial, Walls sought summary judgment on the alternative grounds that Stewart's claim was barred by the applicable statute of limitations, or that Stewart could not, by virtue of this Court's prior decision in Stewart v. State, 377 So.2d 613 (Miss. 1979), make out a prima facie case of legal malpractice. Following a hearing on January 30, 1987, the Circuit Court of Washington County granted summary judgment in favor of Walls on the ground *1035 that Stewart's claim was barred by Mississippi Code Annotated, § 15-1-49 (1972), the six year statute of limitations. From this adverse decision, Stewart perfected the present appeal. Ultimately finding no error, we affirm.
Stewart appealed the granting of summary judgment against him on statute of limitation grounds. However, because we find Walls' alternative summary judgment ground more compelling, we do not address the statute of limitations issue. Walls originally sought summary judgment on the alternative ground that Stewart's claim was barred by the applicable statute of limitations, or that Stewart could not make out a prima facie case of legal malpractice.
Stewart's theory of malpractice is that Walls was negligent in certifying the transcript as correct even though it did not contain the pre-trial suppression hearing testimony. This allegation of negligence is premised on the assumption that his appeal on the merits was rejected by this Court because the appeal record did not contain the substance of the pre-trial hearing; in other words, because of Walls' alleged negligent omission, Stewart's appeal was not properly presented to the Supreme Court, and this resulted in the denial of his appeal. Stewart's assumption, however, is fatally flawed in two respects.
First, Stewart's conviction was affirmed by this Court without opinion. Therefore, the most one can glean from the affirmance of his conviction is that his appeal had no overall merit. Secondly, Stewart's assumption that his appeal was rejected because of an absence in the record of a transcript from the pre-trial suppression hearing evaporates in the face of Stewart v. State, 377 So.2d 613 (Miss. 1979). In rejecting Stewart's Suggestion of Diminution of Record, this Court stated that Stewart "was in no wise prejudiced by the failure to include the transcript of the testimony, if any, taken at the preliminary hearing on the motion to suppress, because the testimony of all witnesses at the full trial was included in the record... ." 377 So.2d at 614. Therefore, Stewart's assumption is unfounded.
Moreover, this statement by the court collaterally estops Stewart from establishing a prima facie case of legal malpractice. One of the essential elements of legal malpractice is that the defendant show injury; that is, "but for ... attorney's negligence, they would have been successful in the ... defense of the underlying action." Hickox, by and through Hickox v. Holleman, 502 So.2d 626, 633-34 (Miss. 1987). Thus, Stewart's prima facie case fails ab initio because this Court's finding of no prejudice precludes Stewart from establishing any proximate cause relationship between the absence of the pre-trial suppression hearing matters in the record, and the subsequent denial of his appeal on the merits. Therefore, Stewart's underlying assumption is unfounded, and his malpractice theory based on this assumption fails as a matter of fact and law.
It is a familiar rule that this Court will affirm the lower court where the right result is reached, even though we may disagree with the reason for the result. We find that the lower court was correct in granting summary judgment on behalf of Walls, but for the reasons set forth in this opinion. Therefore, the decision of the lower court is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
ROBERTSON, J., not participating.