McMILLIN, C.J.,
for the court.
¶ 1. The case now before the Court requires that we explore the distinction between a civil action commenced and pursued in accordance with the Mississippi Rules of Civil Procedure and a statutorily-authorized ancillary proceeding created for the purpose of enforcing a judgment that *674 has resulted from that civil action. We conclude that, for reasons we will proceed to explain, one of the judgments in the ancillary garnishment proceedings in this case must be reversed but that the other should be affirmed.
I.
Facts
¶ 2. MMC Materials, Inc. (“MMC”) filed suit against American Marietta Corporation (“American Marietta”) on open account. Upon American Marietta’s failure to answer, MMC was awarded a default judgment in the amount of $196,970.62 in actual damages and $65,656.87 in attorney’s fees. In an effort to enforce collection of the judgment, MMC filed three separate garnishment actions against companies that MMC believed were indebted to American Marietta. The companies were Choctaw Generation, Inc. (hereafter “Choctaw”), Bechtel Power Corporation (“Bechtel”), and Becon Construction Company, Inc. (“Becon”). Though all three are separate legal entities, they are interrelated companies, the exact nature of the relationship not being clear in the record. All three entities were doing business in Mississippi at the times relevant to this proceeding, but none of the three were headquartered in Mississippi. All three entities had named the same Mississippi corporation as their registered agent for service of process. Various pleadings, testimony, and affidavits in the file suggest that the three had essentially parallel procedures in place to respond to any legal proceedings commenced in this State against any of them.
¶ 3. All three writs of garnishment were properly served on the Mississippi registered agent for process for the three entities. However, for reasons that remain unexplained, only Choctaw timely filed an answer to the garnishment. In that answer, Choctaw denied that it was indebted to American Marietta in any amount. There has been no. contest filed to that response and that matter is not before the Court.
¶ 4. Bechtel and Becon, on the other hand, were served by service on their registered agent on July 28, 2000, and on September 8, 2000, MMC obtained default judgments against both corporations in the full amount of the judgment based on their failure to answer the writs.
¶ 5. MMC then filed a motion seeking an examination of debtor pursuant to Rule 69(b) of the Mississippi Rules of Civil Procedure against both Bechtel and Becon. It was apparently upon being served with these motions that the two companies first discovered that the writs of garnishment had not been answered in a timely fashion. The two garnishees thereupon filed essentially identical motions seeking to set aside the judgments against them under Mississippi Rule of Civil Procedure 60(b) alleging that their failure to answer was due to excusable neglect.
¶ 6. The trial court considered the motions and declined to grant relief. Both Bechtel and Becon have now appealed that decision to this Court.
I.
Proceedings in the Circuit Court
¶ 7. Writs of garnishment in aid of collection of a judgment are creatures of statute. The Mississippi Rules of Civil Procedure acknowledged this fact in Rule 69(a), which states:
Process to enforce a judgment for the payment of money shall be by such procedures as are provided by statute. The procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid *675 of execution, shall be as provided by statute.
M.R.C.P. 69(a). The comment to Rule 69(a), making specific reference to the general garnishment statutes as being one of “the traditional Mississippi legal devices to be available for the enforcement of judgments,” further says “that the statutory procedures governing their use still prevail .... ” M.R.C.P. 69(a), cmt.
¶ 8. Bechtel and Becon both filed their motions under Rule 60(b). All parties, in proceeding before the circuit court, formed their competing contentions on the basis that this rule governed the movants’ entitlement to relief. Specifically, Bechtel and Becon attempted to show the traditional factors considered in determining whether a party can be relieved of the consequences of a default judgment as announced by the Mississippi Supreme Court; namely, (a) excusable neglect, (b) a colorable defense, and (c) a minimal amount of prejudice to the respondent. King v. Sigrest, 641 So.2d 1158, 1161-62 (Miss.1994).
¶ 9. The trial court, in announcing its decision, couched its reasoning in this same criteria affecting Rule 60(b) relief. Belatedly, MMC raised the point in its brief to this Court that a defaulting garnishee is not entitled to relief under Rule 60(b), but that, instead, a garnishee’s remedy upon default must be found in the statutory provisions regarding garnishments and the case law interpreting those statutes. We find this assertion to be a correct statement of the law. In First Miss. National Bank v. KLH Industries, Inc., the Mississippi Supreme Court considered a case where First Mississippi National Bank, as judgment creditor of Cordelia Clark, filed a writ of garnishment on her employer, KLH Industries. First Miss. Nat’l Bank v. KLH Indus., Inc., 457 So.2d 1333, 1334 (Miss.1984). KLH began to withhold the statutory amount -from Clark’s wages but failed to file an answer to the garnishment writ. Id. at 1335. As a result, First Mississippi obtained a default judgment against KLH for the full amount of its judgment against Clark. Id. First Mississippi then proceeded to file a subsequent writ of garnishment against KLH’s bank in an attempt to collect on the default judgment. Only at that point did KLH respond and seek to limit its liability to the amounts actually withheld from Clark’s wages. Id. In considering whether relief was appropriate in that circumstance, the supreme court adopted the following rule:
We today hold that such a garnishee, even though the subject of an otherwise valid default judgment following the service of the writ of garnishment and failure to .answer, may nevertheless suspend execution and enforcement of that judgment at any time before completion of the execution of enforcement process thereon. Miss.Code Ann., § 11-35-31 (1972).
KLH Industries, 457 So.2d at 1334.
¶ 10. It is noteworthy in the context of that announcement that the supreme court did not choose to attach any conditions to this right to relief from the garnishee’s default, in contrast to the rules governing the right to relief from a judgment under Rule 60(b). This distinction between relief under Section 11-35-31 and relief under Rule 60(b) was reinforced by the supreme court in Fed. Sav. & Loan Ins. Corp. v. S. & W. Constr. Co. of Tenn., 475 So.2d 145 (Miss.1985). In that case, the garnishor contended that “the judgment could only be set aside under the provisions of Rule 60 of the Mississippi Rules of Civil Procedure.” Id. at 147. The supreme court rejected that notion and said, “since KLH Industries, supra, it cannot be questioned that the procedural rules whereby a party *676 seeks to enforce, or resist the enforcement of, the remedy of garnishment are those provided by our garnishment statutes ..: supplemented only by so much of the Mississippi Rules of Civil Procedure as may be found not inconsistent with those statutes.” Id. (emphasis supplied).
¶ 11. The present state of the record leaves this Court in something of a quandary since it is evident that the trial court considered this as a Rule 60(b) question when, in fact, it was not; however, no party before the trial court pointed out the court’s erroneous assumption as to the proper law. This failure of any party to raise the proper legal issues before the trial court presents to us the additional issue that, normally, errors may not be raised for the first time on appeal. Read v. Southern Pine Elec. Power Ass’n, 515 So.2d 916, 921 (Miss.1987). We are, thus, faced with the choice of either (a) deciding the case under principles relating to Rule 60(b) relief from a final judgment, or (b) noting the application of an erroneous legal standard as plain error.
¶ 12. Because of the fundamental differences between the consequences for failing to answer a complaint in a civil action and the failure to respond to a writ of garnishment, we conclude that it would better serve the ends of justice to require that the competing rights of the parties be determined under the applicable garnishment statutes and case law interpreting those statutes, rather than attempting to decide the case on the false assumption that Rule 60(b) considerations must be considered in determining the garnishees’ right to relief.
II.
General Discussion
¶ 13. Under the law relating to garnishments, the consequences of defaulting in an answer to a writ can be markedly different from those imposed on a defaulting defendant in an original civil action. Though the statute provides initially for the entry of a default equal to the amount of the judgment (See Miss.Code Ann. § 11-35-81 (1972)), the statutes further grant to the defaulting garnishee, upon timely petition to the court, the right to suspend the execution of this judgment. Miss.Code Ann. § 11-35-31 (1972). The Mississippi Supreme Court has indicated that this right to have the default judgment set aside exists without apparent regard to the circumstances that gave rise to the default. It appears to be essentially an absolute right, at least so long as it is asserted “before completion of the execution of the enforcement process.” KLH Industries, 457 So.2d at 1339. The sole negative consequence to a defaulting garnishee not actually indebted (or indebted in an amount less than the judgment amount) is that, as a consequence of the difficulties occasioned to the garnishor, the garnishee may be made accountable for court costs and reasonable attorney’s fees of the garnishor in the garnishment action. Miss.Code Ann. § 11-35-31 (1972).
¶ 14. In the case now before us, Bechtel asserted in its motion to have the judgment against it set aside by stating that it was not indebted to American Marietta at the time the writ was served. Under the law applicable to garnishments, this response, if properly asserted, would have unquestionably entitled Bechtel to relief from the garnishment without the need for a Rule 60(b) inquiry into the reasons why Bechtel did not timely answer the garnishment. Upon the proper assertion of a lack of indebtedness to be captured by the garnishment writ, American Marietta’s sole remaining right would have been to contest the accuracy of Bechtel’s answer by controverting its truth pursuant to the *677 provisions of Section 11-35^45 of the Mississippi Code. Miss.Code Ann. § 11-35-45 (1972).
¶ 15. It would be to give priority to form over substance to reverse the judgment against Bechtel and remand to the trial court for the purely ministerial function of permitting Bechtel to proceed under Section 11-35-31 to have the default judgment against it vacated upon its assertion of no indebtedness in a pleading more in compliance with the statutory procedures, subject to MMC’s right to controvert the truth of Bechtel’s claimed lack of indebtedness. Rather, we find it more appropriate in the name of judicial economy to reverse the judgment against Bechtel and to remand to the circuit court for the sole purpose of allowing MMC a reasonable opportunity under Section 11-35-45 to contest Bechtel’s denial of indebtedness.
¶ 16. Becon’s position presents a more troublesome situation. In its written motion, Becon represented to the circuit court that, given the opportunity to answer the garnishment, it would deny any indebtedness owed by it to American Marietta. In direct contradiction of this assertion, however, counsel for Becon, in the course of stating Becon’s position in regard to the litigation, conceded that, at the time the writ of garnishment was served, it was indebted to American Marietta in an amount substantially in excess of MMC’s judgment. The sum admitted to be due was said to be the contractual percentage hold-back for periodic payments due from Becon to American Marietta for work on a construction project in Choctaw County.
¶ 17. The attorney for Becon further represented to the circuit court that, after the garnishment had been served, it had come to the attention of representatives of Becon that there might be other subcontractors, materialmen, and laborers besides MMC that had performed work on the same project and were owed money by American Marietta. The attorney represented to the court that, rather than honoring the garnishment writ, Becon intended in the ensuing days to file an in-terpleader action of all funds due American Marietta under the contract, which would permit all those having claims against American Marietta arising out of the project — including, of course, MMC— to equitably share in the funds.
¶ 18. An indebtedness captured by a writ of garnishment is bound as of the date of service of the writ. Miss.Code Ann. § 11-35-23(1) (Supp.2001). The court issuing the writ, in effect, obtains jurisdiction over the indebtedness effective as of that date and it is not within the prerogative of the garnishee to thereafter commence some alternate means of resolving the issue of its indebtedness to the judgment debtor simply because the alternate settled on by the garnishee is, in its eyes, a more equitable means of resolving the matter. Id.
¶ 19. The statute regarding garnishments leaves little doubt as to Becon’s position. Once Becon conceded that an indebtedness in excess of the judgment existed at the time the writ was served— which we find to be adequately proven by counsel’s admission (See Rogers v. Rogers, 662 So.2d 1111, 1115 (Miss.1995)) — the debt came under the jurisdiction of the circuit court that issued the writ, thereby obligating Becon to proceed further in regard to the debt only as directed by the court itself. Becon’s unilateral decision, claimed to be based upon its own notions of a more equitable means of treating other entities similarly situated to MMC, was one the law simply does not allow to a party in litigation.
¶ 20. Because there is no dispute that Becon was indebted to American Marietta in an amount in excess of MMC’s judgment against American Marietta at *678 the time the writ was properly served, Beeon’s sole right to relief under the statute was to pay only the amount that was claimed to be owed to the garnishor regardless of what the true debt may actually have been. Miss Code Ann. § 11-35-29 (Supp.2001).
¶ 21. The trial court affirmed the judgment against Becon on the ground that Becon had shown no right to relief under Rule 60(b). We find that the judgment should have been affirmed under Section 11-35-31 of the Mississippi Code because there is no legitimate dispute that Becon was, in fact, indebted to the judgment debtor, American Marietta, at the time of service of the writ in an amount more than sufficient to satisfy the judgment. It is a common practice of this Court to affirm the decision of the trial court when the right result has been obtained, even though the wrong reason has been advanced in support of the decision. Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993); Stewart v. Walls, 534 So.2d 1033, 1035 (Miss.1988). This is a proper case for the application of that principle.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY AGAINST THE APPELLANT, BECHTEL POWER CORPORATION, IS REVERSED SO THAT THE APPEL-LEE IS GIVEN SUCH REASONABLE TIME AS THE TRIAL COURT MAY DIRECT FROM THE TIME THE MANDATE OF THIS COURT BECOMES FINAL TO CONTROVERT BECHTEL’S DENIAL THAT IT WAS INDEBTED TO MISSISSIPPI MATERIALS COMPANY AT THE TIME OF SERVICE OF THE WRIT OF GARNISHMENT OR AT ANY TIME THEREAFTER. IF SUCH A PROCEEDING IS COMMENCED, THE CIRCUIT COURT SHALL PROCEED TO RESOLVE THE DISPUTE IN ACCORDANCE WITH THE PROVISIONS OF THE GENERAL GARNISHMENTS STATUTES OF THE STATE OF MISSISSIPPI. IF NO SUCH PROCEEDING IS COMMENCED WITHIN SUCH REASONABLE TIME AS THE CIRCUIT COURT MAY DIRECT, BECHTEL POWER CORPORATION SHALL BE CONSIDERED FINALLY DISCHARGED AS A GARNISHEE IN THIS ACTION SUBJECT TO SUCH REASONABLE ASSESSMENT AGAINST THE SAID BECHTEL POWER CORPORATION FOR ATTORNEY’S FEES AND COSTS IN FAVOR OF THE APPELLEE AS THE CIRCUIT COURT SHALL, UPON PROPER INQUIRY, FIND APPROPRIATE. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY AGAINST BECON CONSTRUCTION COMPANY, INC. IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT, BE-CON CONSTRUCTION COMPANY, INC.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ, CONCUR.