GRIFFIS, J., for the Court.
 

 ¶ 1. Lois Kaigler, individually and on behalf of her minor child, Leshan Kaigler, brought suit against the City of Bay St. Louis, Mississippi (“the City”) and the VJC Gym (“Gym”) for personal injuries that Leshan sustained at the Gym. The circuit court granted summary judgment in favor of the City and the Gym. Kaigler appeals and argues that the City and the Gym are not entitled to statutory immunity and that there is a genuine issue of material fact concerning the City’s failure to comply with the Mississippi Fire Prevention Code (“MFPC”). We find no error and affirm.
 

 FACTS
 

 ¶ 2. On December 11, 2002, twelve-year-old Leshan accompanied his older sister to her basketball practice at the Gym. He brought his basketball with him and hoped that he would get to shoot. While at the Gym, two older boys took Leshan’s ball from him and threw it into the false ceiling where ceiling tiles were missing. One of the boys retrieved the ball for Leshan, but the other boy threw it back into the false ceiling. When both boys refused to get the ball, Leshan climbed up a wall and into the false ceiling. The ceiling tiles gave way, and Leshan fell ten to twelve feet to the concrete floor. Leshan suffered injuries to his cervical spine and neck.
 

 ¶ 3. Kaigler filed suit alleging that Lesh-an’s injuries were due to the City’s and the Gym’s negligence because they: (1) allowed a dangerous condition to exist for an unreasonable length of time, (2) failed to repair and/or renovate the property, (3) knew or should have known of the dangerous hazard of the building, (4) failed to adequately maintain the premises in a safe condition, and (5) failed to properly supervise the children.
 

 ¶ 4. The City submitted affidavits from three city officials stating that to their knowledge there was no “statute, regulation or ordinance, that was in effect on December, 11, 2002, or at another time, that imposed a duty or otherwise directed [the City] as to how to maintain or operate the [Gym] or mandated supervision of the activities that transpired at the Gym.”
 

 ¶ 5. The City and the Gym moved for summary judgment. At the summary judgment hearing, Kaigler responded to the City’s affidavits by claiming that as political subdivision of the State of Missis
 
 *580
 
 sippi, the City was subject to the MFPC and that the City had failed to ensure that the Gym complied with the MFPC. The circuit court granted the City’s and the Gym’s motion for summary judgment.
 

 STANDARD OF REVIEW
 

 ¶ 6. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment when there are no genuine issues of material fact so that the moving party is entitled to judgment as a matter of law. To determine if there are genuine issues of material facts, the trial court may look beyond the pleadings.
 
 Grant v. State,
 
 686 So.2d 1078, 1091 (Miss.1996). This Court will review a decision to grant summary judgment de novo.
 
 Hernandez v. Vickery Chevrolet-Oldsmobile Co.,
 
 652 So.2d 179, 181 (Miss.1995). If any triable issues of material fact exist, the lower court’s decision to grant summary judgment will be reversed; otherwise, the decision will be affirmed.
 
 Brown v. Credit Center, Inc.,
 
 444 So.2d 358, 362 (Miss.1983). This Court views the evidence in the light most favorable to the non-moving party, which in this case is Kaigler.
 
 Turner v. Johnson,
 
 498 So.2d 389, 390 (Miss.1986).
 

 ANALYSIS
 

 1. Are the City and the Gym entitled to statutory immunity?
 

 ¶ 7. The circuit court found that the maintenance and operation of the Gym was a discretionary function. Therefore, the City was immune from this claim under Mississippi Code Annotated section 11 — 46—9(1)(d) (Supp.2008). Kaigler asserts that the City and Gym are not entitled to statutory immunity under section 11-46-9 because: (1) under Mississippi’s premises liability law, Leshan was an invitee and entitled to an ordinary standard of care; (2) the defendants had a duty to adequately supervise the children; and (3) the operation and maintenance of the Gym were not discretionary.
 

 A. Premises Liability under the MTCA
 

 ¶ 8. Kaigler argues that: (1) Leshan was an invitee not a trespasser, and (2) the room where Leshan fell was in an unsafe condition. The City and the Gym assert that they are immune under Mississippi Code Annotated section ll-46-9(l)(v) (Supp.2008).
 

 ¶ 9. The circuit court found that Leshan was a trespasser when he entered the ceiling and that the only duty the City owed to him was to refrain from willfully or wantonly injuring him. Accordingly, the circuit court found that there was no liability because the City and the Gym did not do anything to willfully or wantonly injure Leshan.
 

 ¶ 10. If this case were not against a governmental entity, Kaigler’s claim would be considered under our law of premises liability. Leshan’s status at the Gym, at least in the beginning, was that of an invitee. A business owner (the Gym) owes a business invitee (Leshan) a duty of ordinary care to keep the business premises in a reasonably safe condition.
 
 Waller v. Dixieland Food Stores, Inc.,
 
 492 So.2d 283, 285 (Miss.1986). The owner has a duty to warn invitees of dangerous conditions that are not apparent to the invitee, of which the owner or occupier knows or through the exercise of reasonable care should know.
 
 Id.
 
 However, the owner is not an insurer against all injuries that may occur on the premises.
 
 Jerry Lee’s Grocery, Inc. v. Thompson,
 
 528 So.2d 293, 295 (Miss.1988).
 

 ¶ 11. However, since the Mississippi Tort Claims Act (MTCA) grants immunity to governmental entities under certain circumstances, we must consider whether
 
 *581
 
 section 11-46-9(1)(v) is applicable. Under this statute, Kaigler may defeat the City’s immunity defense if she can prove: (1) a dangerous condition, (2) on the governmental entity’s property, (3) which the governmental entity caused by negligence or wrongful conduct, or of which it had actual or constructive notice and adequate time to protect from or warn against, and (4) the condition was not open and obvious to one exercising due care. Miss.Code Ann. § 11-46-9(1)(v);
 
 see also Lowery v. Harrison County Bd. of Supervisors,
 
 891 So.2d 264, 267(¶ 12) (Miss.Ct.App.2004).
 

 ¶ 12. Kaigler does not discuss the elements necessary to defeat immunity under section 11-46-9(1)(v); instead, she focuses on whether Mississippi has abolished the open and obvious standard in premises liability cases. We address this sub-issue before addressing whether she can defeat the City’s immunity under section 11-46-9(1)(v).
 

 ¶ 13. After Mississippi adopted the doctrine of comparative negligence, the supreme court “abolish[ed] the ‘open and obvious’ defense which acts as a complete bar on recovery in negligence actions. However, actions brought against an entity invoking the protection of the Mississippi Tort Claims Act differ from the general negligence action.”
 
 Howard v. City of Biloxi,
 
 943 So.2d 751, 756(¶ 16) (Miss.Ct.App. 2006) (citing
 
 Tharp v. Bunge Corp.,
 
 641 So.2d 20, 24 (Miss.1994)). In a suit against a governmental entity for injuries caused by a dangerous condition on its premises, a plaintiff must make a showing of the entity’s failure to warn.
 
 Id.
 
 However, “[t]he open and obvious defense is an absolute bar to recovery in a case brought under the [MTCA] for the failure to warn of a dangerous condition.”
 
 Id.
 

 ¶ 14. Under section ll-46-9(l)(v), Kaigler must first prove that Leshan’s injury was caused by a dangerous condition. Kaigler alleges that the room was in general disrepair; however, she fails to explain how missing ceiling tiles and clutter in the room created the alleged dangerous condition that resulted in Leshan’s fall.
 

 ¶ 15. The ceiling, in and of itself, was not a dangerous condition for Leshan when he was standing on the floor. Presumably, a dangerous condition was created when Leshan climbed up a wall and started to crawl across the false ceiling. Once Leshan was in the false ceiling, there may have been a dangerous condition on governmental property. However, Kaigler cannot prove that the City or the Gym had actual or constructive notice that Leshan had climbed into the false ceiling and was in danger of falling to the floor or that there was adequate time to protect or warn against this danger. Furthermore, the danger of falling through the ceiling tiles was open and obvious to anyone exercising due care. Kaigler’s claim that some of the tiles were missing or broken further supports our conclusion that the danger of falling through the false ceiling was an open and obvious danger. Therefore, we find that Kaigler does not defeat the City’s and Gym’s immunity under section 11-46-9(l)(v).
 

 ¶ 16. Although the circuit court used Leshan’s status as a trespasser, not section 11-46-9(1)(v), to determine that the City and the Gym were not liable for his injuries, we agree with the circuit court’s result. “On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result.”
 
 Puckett v. Stuckey,
 
 633 So.2d 978, 980 (Miss.1993) (citing
 
 Stewart v. Walls,
 
 534 So.2d 1033, 1035 (Miss.1988)). This issue is without merit.
 

 B. Failure to Supervise
 

 ¶ 17. Kaigler claims that the Gym is required to provide supervision because
 
 *582
 
 it is akin to a public school which has an obligation to adequately supervise students. The City and the Gym respond that decisions concerning supervision are discretionary, and they are immune under section 11 — 46—9(1) (d).
 

 ¶ 18. In support of her argument, Kaigler quotes
 
 L.W. v. McComb Separate Municipal School District,
 
 754 So.2d 1136, 1142(¶ 26) (Miss.1999) as follows: “Public officers and administrators are protected by
 
 sovereign
 
 immunity, if and only if, they used ordinary care in controlling and disciplining youth in their care and control.” We find that supreme court actually said, “the teachers and administrators here are then protected by sovereign immunity if and only if they used ordinary care in controlling and disciplining their students.”
 
 Id.
 
 Kaigler’s substitution of the term public official for teacher and youth for students is misleading. Kaigler cites no authority to support her conclusion that a Gym should be held to the same standard as a school.
 

 ¶ 19. Kaigler cites
 
 Summers v. St. Andrew’s Episcopal School,
 
 759 So.2d 1203 (Miss.2000) for the proposition that a public entity is required to supervise youth activities. The supreme court’s holding in
 
 Summers
 
 addressed the board of education’s obligation and does not extend to all public entities. The supreme court said that “[a]lthough a board of education is not an insurer of the safety of its students, there is an obligation to supervise adequately the activities of students within its charge.”
 
 Id.
 
 at 1214(¶47) (citation omitted).
 

 ¶20. Kaigler has not pointed to any statute that imposes a duty on the City or Gym to supervise. Therefore, Mississippi Code Annotated section ll-46-9(l)(b) (Supp.2008) does not apply, because it exempts actions that “[arise] out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid.”
 

 ¶ 21. The City and the Gym argue that the decision whether or not to supervise was discretionary and entitled the entities to immunity under section 11-46-9(l)(d) which grants the governmental entity immunity when the function or duty is discretionary.
 

 ¶ 22. This Court uses a two-part public policy function test to determine “whether governmental conduct is discretionary so as to afford governmental entity immunity.”
 
 Dotts v. Pat Harrison Waterway Dist.,
 
 933 So.2d 322, 326(¶ 9) (Miss.Ct.App.2006) (citation omitted). “The test requires a determination of (a) whether the activity involves an element of choice or judgment, and if so, then it must be determined (b) whether the choice or judgment involves social, economic, or political policy.”
 
 Id.
 
 (citations omitted).
 

 ¶ 23. The City’s decisions of whether to open the Gym and whether to provide supervision were not mandated by statute. Rather, the City chose to open the Gym to the public and used its judgment to determine the most effective use of the Gym once it was open to the public. This choice satisfies part (a) of the two-part public policy function test. Because the social value and economic cost of operating the Gym and supervising the activities at the Gym go into determining the most effective use of the Gym, part (b) of the test is also satisfied. We find that the City is entitled to immunity under section 11-46-9(l)(d) because the supervision at the Gym was a discretionary function.
 

 ¶ 24. Kaigler also argues that the City was required to use ordinary care under
 
 *583
 
 section 11-46-9(1)(d). We disagree. In
 
 Collins v. Tallahatchie County,
 
 876 So.2d 284, 289(1117) (Miss.2004), the supreme court specifically stated that the “ordinary care standard is not applicable to [section] 11-46-9(1)(d)
 

 ¶ 25. This issue is without merit.
 

 2. Is there a genuine issue of material fact concerning the City’s failure to comply with the MFPC?
 

 ¶ 26. Kaigler argues that the City and the Gym had a statutory duty to comply with the MFPC, under Mississippi Code Annotated section 45-11-101 (Supp. 2008). The City and the Gym respond that: (1) the Gym was not in violation of the MFPC; (2) their actions were not the proximate cause of the injury; and (3) they are immune under Mississippi Code Annotated section 11^16-9(l)(c) (Supp.2008) which exempts “the performance or execution of duties or activities relating to police or fire protection.”
 

 ¶ 27. The “[m]ere allegation or denial of material fact is insufficient to generate a triable issue of fact and avoid an adverse rendering of summary judgment. More specifically, the plaintiff may not rely solely upon the unsworn allegations in the pleadings, or arguments and assertions in briefs or legal memoranda.”
 
 Palmer v. Biloxi Reg’l Med. Ctr., Inc.,
 
 564 So.2d 1346, 1356 (Miss.1990) (internal citations and quotation omitted).
 

 ¶28. In its opinion, the circuit court noted that Kaigler argued that the false ceiling violated the MFPC, but that she failed to “submit affidavits or other evidence to establish the applicability of the codes or how any alleged violation caused or contributed to Leshan’s fall.”
 

 ¶29. The City and the Gym do not dispute that the Gym was subject to the MFPC, but they argue that they were in compliance with the MFPC. At the summary judgment hearing, the City attempted to call the fire inspector to testify whether the ceiling was in compliance with the MFPC. However, Kaigler objected and said that she should have the opportunity to depose the fire inspector. Kaigler did not depose the fire inspector — or anyone else — about whether the ceiling complied with the MFPC. Instead of producing an expert affidavit to support her claim, Kai-gler relied on her attorney’s opinion that the missing tiles in the false ceiling violated the MFPC. Thus, we find that Kaigler failed to show that there was a triable issue of fact concerning whether the City violated the MFPC.
 

 ¶ 30. Furthermore, in order to prevail on her negligence claim, Kaigler had to prove not only that the City was negligent — which she did not — but also that Leshan’s injury was proximately caused by the City’s negligence. “In order for an act of negligence to proximately cause the damage, the fact[-]finder must find that the negligence was both the cause in fact and legal cause of the damage.”
 
 Glover v. Jackson State Univ.,
 
 968 So.2d 1267, 1277(¶ 31) (Miss.2007). “A defendant’s negligence is the cause in fact of a plaintiffs damage where the fact[-]finder concludes that, but for the defendant’s negligence, the injury would not have occurred.”
 
 Id.
 
 at (¶ 32). The defendant’s negligence is the legal cause if the “damage is the type, or within the classification, of damage the negligent actor should reasonably expect (or foresee) to result from the negligent act.”
 
 Id.
 
 at (¶ 33).
 

 ¶ 31. Kaigler failed to show how the City’s alleged negligence was the proximate cause of Leshan’s injury. During the summary judgment hearing, the circuit court specifically asked Kaigler’s attorney about causation and whether it was foreseeable that Leshan would crawl into the
 
 *584
 
 false ceiling. Kaigler’s attorney responded that when one is dealing with a child you must expect the unexpected. While a motorist does have a “duty to expect children to do the unexpected, to understand that they may do the ununderstandable and unpredictable, and will act upon a second’s impulse,” Mississippi law does not impose this duty in every situation upon all people.
 
 Bland v. Briggs,
 
 512 So.2d 894, 896 (Miss.1987) (quoting
 
 McGee v. Bolen,
 
 369 So.2d 486, 492 (Miss.1979)). This duty is limited to motorists.
 

 ¶ 32. We conclude that Kaigler failed to prove that: (1) there was a material issue of fact concerning the City’s and Gym’s compliance with the MFPC, and (2) the City or Gym was the proximate cause of Leshan’s injury. Therefore, we do not reach the City’s defense that the MFPC constitutes “the performance or execution of duties or activities relating to police or fire protection,” affording their actions immunity under section 11 — 46—9(l)(c).
 

 ¶ 33. This issue lacks merit.
 

 ¶ 34. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ, IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.