CHANDLER, Justice,
Dissenting:
¶ 25. I respectfully dissent. Because I believe the trial court properly denied summary judgment at this stage of the litigation, I would affirm the trial court.
I.
¶ 26. Mississippi Code Section 11-46-9 provides that a state governmental entity and its employees shall not be liable for any claim while acting within the course and scope of their employment and duties. Miss.Code Ann. § 11-46-9(1) (Rev.2002). The statute provides for immunity, in part, for a claim “[ajrising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation.” Miss. Code Ann. § 11—46—9(1)(b) (Rev.2002). As the majority correctly holds, a governmental entity and its employees have immunity, provided that ordinary care is used when performing a duty under a statute, ordinance, or regulation. Harris v. McCray, 867 So.2d 188, 189 (Miss.2003); Miss.Code Ann. § 11—46—9(1)(b) (Rev.2002). Section 11-46-9(1)(d) provides immunity for discretionary acts performed *10 within the course and scope of employment. The immunity is “[bjased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.” Miss.Code Ann. § 11 — 46—9(l)(d) (Rev.2002).
¶ 27. This Court has distinguished what constitutes ministerial and discretionary acts. A ministerial act is a duty that “has been £>ositively imposed by law and its performance required at a time and in a manner or under conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer’s judgment or discretion.” Dancy v. East Miss. State Hosp., 944 So.2d 10, 16 (Miss.2006) (quoting L.W. v. McComb Separate Mun. Sell. Dist., 754 So.2d 1136, 1141 (Miss.1999)). On the other hand, “[a] duty is discretionary if it requires the official to use her own judgment and discretion in the performance thereof.” Id. (quoting T.M. v. Noblitt, 650 So.2d 1340, 1343 (Miss.1995)).
If 28. In order to determine whether the conduct at issue is discretionary in nature, this Court has imparted a two-prong test. The two-prong test to determine whether the governmental conduct is discretionary is: (1) does the conduct involve an element of choice or judgment on the part of the entity or employee; and if so, (2) does the choice or judgment involve social, economic, or political policy. Dancy, 944 So.2d at 16; Bridges v. Pearl River Valley Water Supply Dist., 793 So.2d 584, 588 (Miss.2001).
II.
¶ 29. Magee claims, in part, that the District had a duty to provide a safe environment for its students pursuant to Mississippi Code Sections 37-9-69 and 11-46-9(l)(b). The majority opined that “[s]ection 37-9-14 sets forth the responsibilities and powers of the superintendent, and in no way does this statute infer any duties pertaining to the oversight of athletic practices.”
¶ 30. Section 37-9-69 provides:
It shall be the duty of each superintendent, principal and teacher in the public schools of this state to enforce in the schools the courses of study prescribed by law or by the state board of education, to comply with the law in distribution and use of free textbooks, and to observe and enforce the statutes, rules and, regulations prescribed for the operation of schools. Such superintendents, principals and teachers shall hold the pupils to strict account for disorderly conduct at school, on the way to and from school, on the playgrounds, and during recess.
Miss.Code Ann. § 37-9-69 (Rev.2007) (emphasis added). While the statute does not explicitly define the duties of a superintendent, principal, or teacher to oversee athletic practices, the statute does provide that they must “enforce the statutes, rules and regulations prescribed for the operation of schools.”' Miss.Code Ann. § 37-9-69.
¶ 31. The Court of Appeals in Dotts v. Pat Harrison Waterway District, 933 So.2d 322, 324 (Miss.Ct.App.2006), held that an employee’s duties are deemed ministerial if local agency rules impose specific guides to be followed. In Dotts, the mother of a deceased boy brought a wrongful-death action against the Pat Harrison Waterway District (PHWD) pursuant to the Mississippi Torts 'Claim Act (MTCA) after his drowning death at Dunn’s Falls. Id. at 324. The Court of Appeals upheld the trial court’s finding that PHWD had no statutory obligation for the operation of its swimming facility because Mississippi had no statute in place. Id. at 326. However, *11 the trial court did not end its analysis at this juncture.
¶ 32. In Dotts, the trial court also considered PHWD’s actions in regard to the operation of its facility. Dotts, 933 So.2d at 326. “[T]he trial court found that PHWD had discretion in maldng judgments regarding the exercise of its powers and functions in operating” the swimming facility. Id. PHWD had a written, swimming policy in place. Id. at 326-27. In its analysis of whether the activity was discretionary in nature, the Court of Appeals summarized the trial court’s decision by stating:
The park manager of Dunn’s Falls at the time of Holly’s accident was Raford Williams. He was the only employee on duty that day. Although the trial court found that the PHWD was utilizing a discretionary function, the court held that Williams did not have any discretion regarding the operation of Dunn’s Falls. Because of PIIWD’s policy, Williams’ actions ivere ministerial. Therefore, any evidence of Williams’knowledge that the back buoy line was missing or knowledge that the swimming area’s configuration had changed would be violations of the policies of PHWD that would trigger liability under the MTCA.
Id. at 327 (emphasis added).
¶ 33. The Court of Appeals also upheld the trial judge’s finding of fact concerning conflicting evidence. Id. at 327. In other words, the Court of Appeals upheld the trial court’s determination that while PHWD had discretion in adopting its policy concerning rules for public swimming areas, its employee had no discretion, and the employee’s conduct in implementing the policy was ministerial in nature. Id. Further, any knowledge the employee had that any activity or circumstances was contrary to the policy would have been a violation of the policy that would have exposed PHWD to liability pursuant to the MTCA. Id. In Dotts, the employee overseeing the swimming facility died prior to taking a deposition, therefore, the trial court determined that the issue of whether the employee had actual knowledge of the swimming conditions could not be determined and PHWD was not liable in that case. Id. As noted, above, the Court of Appeals upheld the trial court’s decision. Id.
¶ 34. Here, the discovery conducted was incomplete. Further, discovery is required in this case to allow the parties time to complete depositions at a minimum. This case is distinguishable from Harris and Prince v. Louisville Municipal School District, 741 So.2d 207 (Miss.1999), because the issue of whether a statute, regulation, or rule was violated was not considered by the Court in either of those cases.[5] At best, the record reveals a copy of the Mississippi High School Activities Association, Inc. (MHSAA) handbook, which pertains to the regulations of high school sporting activity. Indeed, this Court has recognized the MHSAA handbook as being a handbook that “regulates and provides guidelines for the schools to follow.” Pearl Pub. Sell. Dist. v. Groner, 784 So.2d 911, 915 (Miss.2001).
¶ 35. Further, the parties have not had an opportunity to determine, for instance, whether the Covington County School District has a county operational policy similar to the written, operational policy in place in Dotts and whether it has operational procedures for athletics. Provided the District had a written, operational policy in place, the superintendent, principal, and teachers, including coaches, had a duty *12 to enforce any rule or regulation pertaining to the operation of the schools in the district. See Miss.Code Ann. § 37-9-69 (Rev.2007). These rules and regulations often are in the form of a school district’s operational policy.
¶ 36. Unlike Dotts, however, Mississippi has a statute for school personnel, Section 37-9-69, which states in part that “[i]t shall be the duty of each superintendent, principal and teacher in the public schools of this state ... to observe and enforce the statutes, rules and regulations prescribed for the operation of schools. ” Miss.Code Ann. § 37-9-69 (Rev.2007). The trial court recognized that total summary judgment in favor of the District was premature given the early stage of the case. Upholding the trial court’s decision allows the parties an opportunity to discover whether the District had any county operational policy in place, what the policy stated in regard to athletics, and whether the procedures were followed. Further, it provides an opportunity to depose appropriate personnel.
¶ 37. This case has implications of both ministerial and discretionary functions. See Dotts, 933 So.2d at 326-27. Provided the District had a county operational policy, the District, similar to the PHWD, would have used discretion in making the policy. Id. at 327. A school district’s operational policy, which is promulgated in accordance with the board’s authority found in Section 37-9-67, would have to be reviewed to determine whether the employees, such as the superintendent, principal, teachers, and coaches, were implementing and following it on the date of this tragic incident. Id. at 327. Consequently, the issue of whether the personnel had only a ministerial function and either followed the policy or knowingly disregarded the policy also would have to be determined through depositions and other discovery. Id. Because of this, the trial court correctly determined that summary judgment on all issues was premature. Discovery is critical to determine whether the District had information such as an operational policy, what the policy terms stated, and whether personnel followed the policy or knowingly disregarded the policy.
III.
¶ 38. For the above reasons, I dissent with the majority’s opinion today.

. Both Harris and Prince involved injury to a student during a school athletics program.